Matos, Demandante y Apelante, *v.* Caraballo,
Demandada y Apelada.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre otorgamiento de escritura pública.

No. 2278.—Resuelto en noviembre 26, 1920.

Comparecencia Personal de las Partes — Abogados. — En todo procedimiento judicial la parte realmente interesada puede gestionar personalmente su acción ante la corte sin que sea requisito indispensable el estar representada por abogado. El artículo 51 del Código de Enjuiciamiento Civil es de aplicación cuando la parte interesada desea estar representada por otra persona.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. H. Torres Solá.*

Abogado de la apelada: *Sr. M. Moraza.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con fecha 30 de marzo de 1920 Antonio Matos Ocasio radicó en la Secretaría de la Corte de Distrito de San Juan, Sección Segunda, una demanda contra Antera Caraballo Mangual para que ésta fuera condenada a otorgar a favor del demandante una escritura pública de cierta finca urbana consistente en casa y solar que se describen en la demanda.

La demanda estaba firmada por el demandante Antonio Matos Ocasio y en la vista de varias mociones presentadas por la demandada solicitó ésta fuera desestimada la demanda por el fundamento de que el demandante había comparecido por derecho propio firmando la demanda sin haber utilizado la representación de un letrado según preceptúa el artículo 51 del Código de Enjuiciamiento Civil. La corte después de haber jurado el demandado que no tenía título de abogado dictó sentencia en 12 de abril de 1920, desestimando la demanda por carecer el demandante de representación profesional debidamente acreditada.

Contra esa sentencia interpuso el demandante recurso de

apelación para ante esta Corte Suprema y alega como único fundamento del recurso—

"Indebida o errónea interpretación y aplicación por parte de la corte sentenciadora del artículo 51 del vigente Código de Enjuiciamiento Civil a la luz de la jurisprudencia de esta Hon. Corte Suprema en sentencia de 9 de mayo de 1909."

El artículo citado dice así:

"Toda acción deberá ejercitarse en nombre de la parte realmente interesada, excepto en los casos en que se dispone otra cosa por este Código. La comparecencia ante la corte deberá hacerse por medio de abogado legalmente autorizado para ejercer su profesión conforme a las disposiciones de la ley."

Y la jurisprudencia invocada fué establecida por esta Corte Suprema en el caso de *Hernández* v. *La Corte de Distrito de Mayagüez*, 15 D. P. R. 268. Interpretando entonces el artículo 51 del Código de Enjuiciamiento Civil que dejamos transcrito llegamos a la conclusión que ese artículo se refiere a aquellas acciones en que una persona desee estar representada por otra en cuyo caso debe hacer la comparecencia por abogado debidamente admitido al ejercicio de su profesión y no por una persona que únicamente tiene un poder, sin que hubiera sido el propósito de la Legislatura privar a las partes de ser oídas a no ser que estuvieran representadas por abogado. Los fundamentos de tal doctrina fueron ampliamente expuestos en el caso *supra* y no encontramos hoy motivo alguno para separarnos de ella.

Procede la revocación de la sentencia apelada devolviéndose el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la presente opinión.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.