GOFFINET, DEMANDANTE Y APELADO, *v.* POLANCO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre crédito refaccionario. Moción sobre desestimación de apelación.

No. 2861.—Resuelto en noviembre 21, 1922.

DESESTIMACIÓN DE APELACIÓN—EXPOSICIÓN DEL CASO—PRÓRROGAS NULAS.—No puede concluirse que es prematura una petición para que se desestime una

apelación fundada en ser nulas las prórrogas concedidas por la corte inferior al apelante para archivar la exposición del caso, por el hecho de que el apelado no gestionara tal declaración de nulidad en la corte inferior.

ID.—ID.—PRÓRROGAS NULAS POR INDEFINIDAS—TRANSCRIPCIÓN RADICADA FUERA DE TIEMPO.—En el presente caso fué apelada la sentencia en agosto 5, 1922; en agosto 11, 1922, la corte concedió una prórroga al apelante para archivar la exposición del caso la que debía empezar a contarse desde el día en que el taquígrafo le entregara las notas que ya le había pedido. En agosto 23, 1922, la corte fijó al taquígrafo el término de 30 días para la entrega de la transcripción al apelante a quien posteriormente concedió otras prórrogas para presentar la exposición del caso. *Se resolvió:* que siendo nula por indefinida la primera prórroga lo es también la segunda porque al ser concedida ésta estaban vencidos los 10 días que tiene el apelante para presentar la exposición del caso; y por tanto, no habiendo sido radicada la transcripción en la Corte Suprema dentro del término legal, procede la desestimación del recurso.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. A. Sarmiento* y *J. Puig.*

Abogados del apelado: *Sres. H. G. Molina* y *R. Cuevas Zequeira.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se trata de una moción en la que se nos pide desestimemos la apelación establecida en este pleito porque no ha sido presentada en este tribunal la transcripción de la apelación dentro de los treinta días siguientes a haber sido establecido el recurso y para ello se alega que si bien la corte inferior prorrogó a la parte apelante los diez días que tiene después de su apelación para presentar una exposición del caso tal prórroga es nula por ser indefinida.

A esa moción se opone el apelante alegando en primer término que la petición del apelado es prematura porque dicha prórroga y otras que fueron concedidas no han sido impugnadas en forma alguna por la parte apelada en la corte inferior y nos cita los casos de *Ciuró* v. *Ciuró,* 19 D. P. R. 1200 y de *Rossy* v. *Fernández,* 21 D. P. R. 271, en los cuales una de las razones que tuvimos para no desestimar la apelación fué que la parte apelada no se opuso a la concesión de ulteriores prórrogas ni hizo gestión en la corte inferior. En

verdad, la cuestión que ahora suscita el apelante no fué propuesta en esos casos para su resolución por lo que tal razón puede considerarse como incidentalmente dada.

Es cierto que para un apelado parece ser la mejor práctica que antes de acudir a este tribunal haga gestión en la corte inferior para que anule las prórrogas que indebidamente haya concedido, porque se ahorra tiempo y da oportunidad a la corte para corregir sus resoluciones si son erróneas, pero no encontramos precepto alguno en la ley que imponga al apelado tal deber de modo que sin tal gestión esté impedido de acudir a este tribunal a solicitar que por tales nulidades desestimemos la apelación porque no existiendo prórrogas válidas de los diez días concedidos por la ley para presentar la exposición del caso la transcripción de la apelación debió ser presentada en este tribunal dentro de los treinta días siguientes a haber sido establecido el recurso de apelación, y así no podemos declarar que es prematura la petición que se nos hace.

El 5 de agosto último fué apelada la sentencia dictada en este caso y el día 11 del mismo mes, dentro de los diez días que la ley concede al apelante para presentar el pliego de exposición del caso o de excepciones, el apelante pidió a la corte sentenciadora que le concediera una prórroga de diez días para presentar la exposición del caso, prórroga que debía empezar a contarse desde el día en que el taquígrafo de la corte le entregara la transcripción de las notas del juicio, las que ya le había pedido. Esa solicitud fué resuelta por la corte diciendo: "Como se pide." Después, el 23 de agosto y a petición del apelante la corte fijó al taquígrafo el término de treinta días para la entrega de su transcripción al apelante y posteriormente concedió al apelante otras prórrogas para presentar la exposición del caso, la que ahora está presentada y pendiente de la aprobación de la corte sentenciadora, pero en 7 de septiembre la parte apelada nos presentó

su moción para que desestimemos la apelación por ser inde-finida la primera prórroga concedida y porque la resolución de 23 de agosto concediendo término al taquígrafo para en-tregar sus notas al apelante es nula porque cuando tal tér-mino se le concedió ya estaban vencidos los diez días que el apelante tiene para presentar su exposición del caso.

El apelante se opone a esa moción alegando que la desesti-mación pedida es improcedente porque la primera prórroga de 11 de agosto no es indefinida toda vez que la ley creando el cargo de taquígrafo fija a éste el término de treinta días para entregar sus notas, las que le fueron pedidas el 9 de agosto, y porque la corte concedió otras prórrogas.

Ya hemos resuelto anteriormente que una prórroga con-cedida en los términos en que en este caso fué pedida es in-definida y nula. *Belaval* v. *Córdova, Juez de Distrito*, 21 D. P. R. 537; *Rivera* v. *North British and Mercantile Insurance Co.*, 24 D. P. R. 653; *Guardian Assurance Co.* v. *López Acosta* 24 D. P. R. 637. Es cierto que la ley creando el cargo de ta-quígrafo dispone en su secección sexta que será su deber entre-gar la copia de su record taquigráfico dentro de treinta días a partir de la fecha en que haya sido solicitada, a menos que la corte prorrogue dicho plazo que nunca excederá de otros treinta días, pero a pesar de esto y según dijimos en el caso de *Belaval* v. *Córdova, Juez de Distrito, supra,* "resulta, sin embargo, difícil que podamos llegar a la conclusión de que la sección que ha sido citada últimamente define y fija de modo claro e inexorable el máximum que dejó de fijar la corte y de modo concluyente convierte la ampliación vaga que trató de hacer esta última en una prórroga definida."

En la forma que fué pedida y concedida la primera pró-rroga, los diez días concedidos para presentar la exposición del caso no dependían de los treinta que la ley da al taquí-grafo para entregar sus notas, contados desde que le han sido pedidas, sino de la fecha de la entrega de dichas notas, aun-

que fuera posterior a dichos treinta días, por lo que la prórroga no estaba limitada a esos treinta días y por esto, a pesar de dicha ley, no podemos declarar que se concedió un término limitado, con mayor razón cuanto que no se manifestó a la corte la fecha en que la petición de las notas se hizo y no podía ella ni la apelada saber cuándo vencían dichos treinta días. Como para presentar una exposición del caso de acuerdo con el artículo 299 del Código de Enjuiciamiento Civil no son de absoluta necesidad las notas taquigráficas, para preservar el apelante su derecho de presentar una exposición del caso debió solicitar prórrogas para presentarla hasta que el taquígrafo le entregara sus notas si creía conveniente utilizarlas.

Siendo nula por indefinida la primera prórroga concedida también lo es la que en 23 de agosto la corte concedió al taquígrafo porque entonces estaban vencidos los diez días que de acuerdo con el artículo 299 del Código de Enjuiciamiento Civil, según ha sido enmendado, tenía la parte apelante para presentar la exposición del caso, y por esto los treinta días para presentar la transcripción de la apelación empezaron a correr desde que el recurso fué establecido, y no habiendo sido presentada dentro de él en este tribunal ni antes de la petición de desestimación, debemos declarar ésta con lugar y desestimar la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.