DÍAZ, DEMANDANTE Y APELANTE, v. LLOMPART ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre nulidad y otros extremos.

No. 2863.—Resuelto en junio 19, 1923.

BIENES GANANCIALES—BIENES PRIVATIVOS—HIPOTECA; EJECUCIÓN DE—PRUEBA.—
Cuando una mujer casada ejecuta una hipoteca que le pertenece privativa-
mente, no es necesario que intervenga su marido en la ejecución como parte
demandante.

ID.—ID.—INTERESES.—Los intereses producidos por los bienes privativos du-
rante el matrimonio, son gananciales, pero no habiéndose demostrado en
este caso que los intereses cobrados fueran percibidos constante el matri-
monio, no puede sostenerse que la ejecución comprendiera bienes gananciales.

Los hechos están expresados en la opinión.

Abogado de la apelante: Sr. F. González.

Abogado de los apelados: Sr. M. Tous Soto.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

Este es un pleito iniciado de acuerdo con el artículo 175
del Reglamento para la ejecución de la Ley Hipotecaria, en
solicitud de la nulidad del procedimiento ejecutivo sumario
seguido en la Corte de Distrito de Humacao por los herma-
nos Antero, Natalio, Andrea y Concepción Llompart y Pe-
reira en cobro de cierta deuda y parte de sus intereses ga-
rantidos, deuda e intereses, con una hipoteca constituída
sobre una casa propiedad de la demandante Isolina Díaz
y Rodríguez.

El 14 de junio de 1922 la corte de distrito dictó senten-
cia declarando sin lugar la demanda. La sentencia se basa
en una cuidadosa opinión que estudia todas las cuestiones
suscitadas en el pleito y que contiene la siguiente declara-
ción de hechos probados:

"1. Juana Borrás y Ginart siendo dueña de la finca anterior-
mente descrita, hipotecó la misma al Sr. Jaime Llompart y Prats
para responder a éste de la devolución de la cantidad de dos mil
dollars que le había prestado y del pago de sus intereses a tipo con-

venido, fijando en mil doscientos dollars el montante de intereses que quedaban garantizados en perjuicio de tercero, ampliándose la hipoteca a cien dollars más para responder de gastos judiciales en caso de ejecución.

''2. Fallecido Jaime Llompart y Prats, abintestato, sin dejar descendencia legítima, ni descendientes ilegítimos reconocidos, su madre señora Catalina Prats viuda de Llompart, alegando ser su única ascendiente solicitó de la Corte de Distrito de Humacao se le declarara su única y universal heredera como así se hizo, promoviéndose más tarde por los hoy demandados Llompart y Pereira una acción declarativa contra dicha señora a fin de que fueran declarados hijos ilegítimos reconocidos de Jaime Llompart y Prats, apareciendo de la demanda todos los hechos necesarios para determinar la filiación así como la condición de naturales a favor de de los demandantes y en cuyo pleito recayó sentencia, que adquirió el carácter de firme y ejecutiva, haciéndose la declaración solicitada en la demanda.

''3. A virtud de esa sentencia y sin notificar nuevamente a la señora Prats Vda. de Llompart, los demandantes Llompart y Pereira obtuvieron se dejara sin efecto la declaratoria de heredero pronunciada a favor de aquélla, fueran ellos declarados herederos de Jaime Llompart y Prats y se ordenara la cancelación en el Registro de la Propiedad de Caguas, del crédito hipotecario antes referido que había sido inscrito a favor de ella a petición de Francisco Ramis Borrás, actual esposo de la demandante Isolina Díaz Rodríguez, actuando como mandatario de ésta.

''4. Incoado un ejecutivo hipotecario para cobro de la misma hipoteca y expedido el auto de requerimiento se alegó por Isolina Díaz Rodríguez la forma en la cual se había obtenido la declaración de heredero a favor de los ejecutantes, la nulidad de la declaratoria de heredero a favor de ella y la cancelación de la inscripción, dejándose entonces sin efecto el auto por la corte de distrito que lo había dictado y cuya resolución fué ratificada por el Tribunal Supremo de Puerto Rico y entonces los señores Llompart y Pereira iniciaron ante este mismo Tribunal un declarativo contra Catalina Prats viuda de Llompart a fin de ampliarse la anterior sentencia de filiación en el sentido de declarar que en la concepción y nacimiento de ellos habían concurrido las condiciones requeridas por la ley vigente en la época de tales acontecimientos, para adornar a los hijos de la condición de naturales y también

para que se anulara la declaratoria de herederos de Jaime Llompart y Prats a favor de su madre, se declarara que los demandantes eran únicos herederos de Jaime Llompart y Prats, se decretara la cancelación de cualquiera inscripción extendida en el registro de la propiedad a favor de Catalina Prats Vda. de Llompart, por título sucesorio de su hijo y muy especialmente la de transmisión del crédito hipotecario referido.

"5. En tal declarativo se dictó sentencia, en rebeldía de la demandada, previa celebración del juicio, concediéndose a los demandantes todas las peticiones formuladas en la demanda, notificándose el pronunciamiento a Catalina Prats Vda. de Llompart mediante envío por correo, bajo pliego certificado, de copia de la sentencia, a la dirección que aparecía del diligenciamiento del emplazamiento y firme la sentencia se expidió mandamiento al registrador de la propiedad de Caguas para que cancelara las inscripciones que se había ordenado.

"6. Se tramitó nueva declaratoria de herederos por los señores Llompart y Pereira obteniendo nuevamente su declaración de únicos herederos de Jaime Llompart y Prats y se extendieron en el registro de la propiedad tanto la cancelación antes dicha como la inscripción del crédito hipotecario, por título de herencia, a favor de los hijos de dicho causante.

"7. Durante la sustanciación del declarativo los señores Llompart y Pereira cedieron a Ramón Donis Figueroa el crédito hipotecario y el dinero entregado por éste quedó en poder del heredero Antero Llompart y Pereira, sin que parte alguna del mismo llegara a poder de Concepción Llompart y Pereira, esposa de Victorio Milán, y esa cesión se dejó sin efecto posteriormente mediante un contrato que las partes calificaron de rescisión y que tuvo por objeto quedar dueños nuevamente del crédito hipotecario los Sres. Llompart y Pereira y devolver al señor Donis y Figueroa la misma cantidad de dinero recibida de éste y cuya devolución efectuó el mismo Antero Llompart y Pereira personalmente.

"8. Asi las cosas se promovió el ejecutivo hipotecario que es objeto de impugnación y con cuyo escrito inicial, que no ha sido impugnado, se acompañaron: (*a*) El título de constitución de la hipoteca, (*b*) la declaratoria de heredero de Jaime Llompart y Pereira a favor de los ejecutantes, (*c*) la escritura de cesión otorgada por éstos a favor de Ramón Donis Figueroa, (*d*) la escritura de rescisión de dicha cesión, (*e*) el mandamiento expedido al registra-

dor de la propiedad de Caguas para la cancelación de la inscrip-
ción del crédito hipotecario a favor de Catalina Prats Vda. de Llom-
part y (*f*) certificación del registro de la propiedad de Caguas cre
ditiva de no encontrarse canceladas ni estar pendiente de cancela-
ción la inscripción del crédito hipotecario, conteniendo traslado li-
teral de todas las inscripciones de transferencia del crédito hipo-
tecario y del dominio de la finca que había tenido lugar desde la
constitución de la hipoteca hasta la última transferencia según el
registro y según los hechos, incluyendo los asientos que habían
sido cancelados y los asientos de cancelación, esto es, conteniendo
un traslado literal de cuanta operación se había efectuado en el re-
gistro en relación con el crédito hipotecario.

"9. Expedido el auto de requerimiento fué solicitado por la
ejecutada Isolina Díaz Rodríguez la reposición del procedimiento,
lo que le fué denegado, interponiendo entonces recurso de apela-
ción contra la resolución denegatoria y cuyo recurso ha sido deses-
timado por el Tribunal Supremo.

"10. Dictada la providencia de remate fué cumplimentada, su-
bastándose la finca y adjudicándose a los demandantes, sujeta a
una primera hipoteca."

No conforme con la sentencia la demandante apeló para
ante este tribunal señalando en su alegato la comisión de
varios errores. No obstante no haber sido los errores se-
ñalados de acuerdo con lo que prescriben nuestras reglas,
los hemos estudiado y a nuestro juicio no han sido cometi-
dos por el tribunal sentenciador. La única cuestión dudosa
es la de si el crédito ejecutado en cuanto se refiere a la de-
mandada Concepción Llompart tenía o nó el carácter de
ganancial.

El procedimiento hipotecario se siguió por doña Concep-
ción, de estado casada, en unión de sus hermanos. No in-
tervino el esposo y se sostiene que por esta circunstancia el
procedimiento es nulo. Conocemos los hechos declarados pro-
bados por la corte y de ellos resulta que no se trataba de
un bien ganancial, sino privativo. La apelante no ha de-
mostrado que la corte errara de modo manifiesto al apre-
ciar la prueba.

Sostiene además la apelante en su alegato, lo que sigue:

"Admitiendo en hipótesis que el condominio del crédito hipotecario fuese privativo de la esposa, lo sería el capital, pero de ningún modo los intereses por él devengados con posterioridad a la fecha en que se efectuó el enlace de los esposos Milano-Llompart, de acuerdo con lo estatuído en el número 3 del artículo 1316 del Código Civil revisado, expresivo de que son bienes gananciales, entre otros que no es del caso enumerar, 'Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.'

"En consecuencia, habiéndose ordenado en el ejecutivo 8046 el pago, no sólo del principal del crédito hipotecario, sino también de un mil doscientos dollars de intereses, la parte de éstos devengada vigente el matrimonio Milano-Llompart, en cuanto a un condominio ascendente a una cuarta parte, es ganancial y a su cobro debió concurrir inexcusablemente el marido en vez de la esposa."

No consta que esta cuestión se levantara en la corte inferior y cualquiera que pudiera ser la importancia que tuviera desaparece si se considera que sólo se cobró parte de los intereses devengados o sea aquella que fué garantizada con la hipoteca y que no constando la fecha del matrimonio de doña Concepción, no hay una base segura para poder afirmar que se cobraron intereses correspondientes a la sociedad de gananciales.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Wolf firmó "Conforme con la sentencia."

El Juez Asociado Sr. Hutchison disintió.