JORGE V. DOMÍNGUEZ, FRANCISCO SOTO GRAS, ANTONIA Q. VDA. DE QUIÑONES, JOSÉ RAMÓN QUIÑONES, SEGISMUNDO QUIÑONES, JUANA MANUELA RODRÍGUEZ DE WILLOUGHBY, PALMIRA MCCORMICK DE SCHUCK, DIONISIO TRIGO y ALVARO TRIGO, demandantes y apelantes, *v.* RAFAEL FABIÁN Y FABIÁN, demandado y apelado.

No. 3839.—*Visto:* Febrero 1, 1926. *Resuelto:* Abril 19, 1926.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—TRANSCRIPT DE APELACIÓN NO RADICADO EN TIEMPO—TRANSCRIPT EN TRAMITACIÓN EN LA

CORTE INFERIOR.—No cabe desestimar un recurso por el fundamento de no haberse radicado en tiempo el transcripto de apelación, cuando se halla válidamente en tramitación la transcripción de los autos en la corte inferior.

2. CORTES—ESTABLECIMIENTO, ORGANIZACIÓN Y PROCEDIMIENTOS EN GENERAL.—"RULES OF DECISIONS", ADJUDICACIONES, OPINIONES Y RECORDS—PROVIDENCIAS JUDICIALES—CORRECCIÓN DE LAS MISMAS.—Independientemente del artículo 140 del Código de Enjuiciamiento Civil, las cortes tienen poder para inspeccionar y corregir sus propias providencias con el fin de ajustarlas a la ley y a la justicia.

MOCIÓN sobre desestimación de apelación presentada por la parte apelada. *Sin lugar.*

*Jorge V. Domínguez y Francisco Soto Gras,* abogados de los apelantes; *Henry G. Molina,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada archivó una moción solicitando la desestimación del recurso establecido en este caso, por no haberse radicado en tiempo la transcripción de los autos en la secretaría de este tribunal.

La sentencia se dictó el 17 de agosto de 1925, la apelación se interpuso el 17 de septiembre siguiente y la moción de desestimación se archivó el 18 de enero de 1926. Si no se estaba válidamente tramitando una exposición del caso o transcripción de los autos a los efectos de la apelación en la corte sentenciadora, la moción estaría bien fundada. Si se estaba tramitando, la moción debe ser declarada sin lugar.

¿Qué demuestran los documentos acompañados a la moción?

Demuestran que el 22 de septiembre de 1925, o sea, dentro del término de diez días de interpuesto el recurso, los apelantes presentaron una moción que dice:

"Moción de prórroga.—Comparece la parte demandante por conducto de los abogados que suscriben y solicita de la Corte se sirva concederle una prórroga de sesenta (60) días para preparar y presentar la transcripción del récord a los efectos de la apelación establecida para ante la Hon. Corte Suprema.—San Juan P. R., septiembre 22 de 1925."

A esa moción la corte proveyó:

"Se concede la prórroga solicitada.—Octubre 24, 1925."

El 16 de noviembre de 1925, vigente aún el término prorrogado, los apelantes presentaron una extensa moción sobre corrección de orden y prórroga, recayendo el 20 del propio mes de noviembre la siguiente resolución:

"Por cuanto, el escrito de apelación de este caso se radicó el día 17 de Septiembre de 1925.

"Por cuanto, el día 22 de Septiembre de 1925 los demandantes-apelantes solicitaron de esta Corte una prórroga de sesenta días para preparar y presentar la transcripción del récord taquigráfico.

"Por cuanto, en la solicitud de prórroga se omitió la petición formal de que esta Corte ordenara al taquígrafo la transcripción del récord, y la orden de esta Corte, dictada con fecha 24 de Octubre de 1925 concediendo esa prórroga también omitió la orden al taquígrafo de proceder en aquel sentido.

"Por cuanto, las omisiones o inadvertencias indicadas constituyen meras informalidades que una vez conocidas, pueden y deben ser subsanadas por esta Corte en bien de la justicia y para que el procedimiento quede encausado debidamente.

"Por cuanto, a falta de la orden formal al taquígrafo y petición al efecto por los demandantes, éstos notificaron en aquella fecha al taquígrafo para que tuviera listo el transcript mencionado.

"Por cuanto, si bien el taquígrafo tiene transcritas las notas de las pruebas testificales, no ha terminado aún las de las pruebas documentales y se requiere una nueva prórroga con tal fin.

"Por tanto, en uso del poder inherente de esta Corte para corregir sus propios récords y en su caso por virtud de las facultades que le concede el artículo 140 del Código de Enjuiciamiento Civil para relevar a una parte de su inadvertencia, decreta y ordena por la presente que su orden de 24 de octubre de 1925 concediendo prórroga de sesenta días a los demandantes para preparar y presentar la transcripción del récord taquigráfico, se entienda redactada *nunc pro tunc,* de modo que se ordene por ella al taquígrafo la transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, de todas las resoluciones, actos o manifestaciones de la Corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen, constantes en el récord taquigráfico y en el legajo del caso, en el

término de veinte días contados desde el 22 de Septiembre de 1925, en que se presentó la moción y que ese término de veinte días se tenga por prorrogado a cuarenta días más, o sea hasta el día 21 de noviembre de 1925, que comprende el término de 60 días concedido por la orden de 24 de Octubre de 1925.

"Y se DECRETA Y ORDENA, además, que por razones expuestas en esta orden, no siendo suficiente la primera prórroga concedida se concede al taquígrafo otra prórroga de treinta días contados desde 21 de Noviembre de 1925 con igual fin de preparar la transcripción del récord o de evidencia ordenada, que vencerá el 21 de Diciembre de 1925.''

[1, 2] ¿Pudo actuar la corte sentenciadora en la forma en que lo hizo?

Sostiene el apelado en su memorándum en apoyo de su moción que:

"Si los apelantes desearon acogerse a la Ley de 1917, (transcripción por el taquígrafo), entonces de acuerdo con la Sec. 1ra. de dicha ley, debieron haber radicado con el secretario de la corte 'un escrito solicitando que se haga y prepare una transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas. . . .' cuyo escrito 'deberá presentarse dentro de diez días después de haberse archivado la apelación.' "

A nuestro juicio, aunque imperfectamente, eso fué lo que hicieron los apelantes.

Los actos humanos deben interpretarse de modo que tienda a dárseles validez. No se concibe que la gestión de los apelantes hecha dentro del término de ley, tuviera otro objeto. Habían interpuesto un recurso y debe presumirse que si algo pidieron a la corte fué para hacer viable dicho recurso. No expresaron su pensamiento en forma correcta y completa, pero el rastro que dejaron en la realidad dirigiéndose al taquígrafo y el entendimiento actual de la corte como ella misma lo reconoce luego, hablaron de modo elocuente y permitieron corregir la incorrección y completar lo que faltaba.

Las leyes tienen siempre en cuenta lo imperfecto de la naturaleza humana, lo limitado de sus facultades. Por eso

el Código Civil expresamente, en su artículo 7, No. 8, confiere poder a las cortes "para inspeccionar y corregir sus providencias con el fin de ajustarlas a la ley y a la justicia." Y de ese poder fué que hizo uso la corte de distrito en este caso. No es necesario, pues, entrar a considerar la aplicabilidad o no aplicabilidad del artículo 140 del Código de Enjuiciamiento Civil.

Siendo como es a nuestro juicio susceptible de interpretación el escrito de septiembre 22, 1925, en el sentido en que lo fué, esto es, en el de pedir tiempo para que el taquígrafo preparara la transcripción de los autos y las pruebas a los efectos de la apelación, y habiendo sido ésa la realidad de los hechos como lo alegó la parte y lo reconoció la corte de distrito, la actuación de dicha corte no es contraria a la jurisprudencia establecida por este tribunal. La corte pudo haber dictado en 24 de octubre con el escrito de 22 de septiembre como base una orden que expresara en forma completa su intención, y si pudo hacerlo entonces, pudo hacerlo después para ajustar su actuación a los hechos y la ley.

El caso de *Goffinet* v. *Polanco,* 31 D.P.R. 210, 214, confirmado por la Corte de Circuito de Apelaciones del Primer Circuito, (4 Fed. 2nd 74) no es aplicable. Allí se trataba de una orden concediendo una prórroga indefinida que quedó en pie y que por tanto era y debió ser tratada como una mera nulidad. Una situación muy distinta se hubiera presentado si la parte apelante en aquel caso hubiera pedido a la corte de distrito, en tiempo, que corrigiera su error y la corte debidamente lo hubiera corregido.

Habiendo llegado a las anteriores conclusiones, no es necesario entrar a considerar la tan debatida cuestión de la intervención del abogado Sr. Feliú a los efectos del consentimiento de la parte apelada a la petición de corrección. No era necesario que la parte contraria consintiera para que la corte actuara en la forma en que lo hizo.

*Por virtud de todo lo expuesto, hallándose válidamente en tramitación la transcripción de los autos en la corte de*

*distrito, debe declararse no haber lugar a la· desestimación.*
*del recurso.*

Los Jueces Asociados Señores Wolf y Franco Soto, disintieron.[1]