JORGE V. DOMÍNGUEZ ET AL., demandantes y apelantes, *v.*
RAFAEL FABIÁN Y FABIÁN, demandado y apelado.

No. 3839.—*Resuelto:* abril 19, 1926.   (La opinión del tribunal en la pág. 314.)

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO, SR. WOLF, CON LA CUAL
ESTÁ CONFORME EL JUEZ ASOCIADO SR. FRANCO SOTO.

Lo que causó mi mayor duda al disentir de la liberal in-
terpretación dada por esta corte a los pasos tomados por
los apelantes fué el acto del abogado del apelado al consen-
tir la orden de noviembre 20, 1925.   El abogado regular es-
taba ausente pero el récord me convenció de que su aso-
ciado estaba completamente autorizado para hacer cualquier
cosa que pudiera hacer aquél.   No solamente debía presu-
mirse concluyentemente tal autorización de la mera compa-
recencia del abogado asociado sino que éste había compare-
cido anteriormente en el caso en otras gestiones.

Sin embargo opino que tal consentimiento no pudo pro-

piamente convertir una moción manifiestamente inefectiva en una válida. De acuerdo con varias decisiones de esta corte el artículo 140 del Código de Enjuiciamiento Civil no es de aplicación. *Díaz* v. *P. R. Railway, Light and Power Co.* 32 D.P.R. 89; el mismo caso 32 D.P.R. 99 y casos citados. La mayoría de la corte no basa su decisión en tal artículo. Desde luego, nada importaría que al dictar la orden de noviembre 20, 1925, se descansara indebidamente en el artículo 140 si la corte de distrito hubiera tenido autoridad de acuerdo con el inciso 8º del artículo 7 del Código de Enj. Civil para corregir la moción de septiembre 22, 1925 y la orden a que dió origen. Dicho artículo, sin embargo, no tiene mayor fuerza que el artículo 140 del Código de Enjuiciamiento Civil si los apelantes nunca utilizaron debidamente el privilegio de las leyes especiales de 1917 y 1919 por los cuales los apelantes pueden recurrir a las notas taquigráficas en substitución del pliego de excepciones y exposición del caso.

La dificultad era, en mi opinión, que los apelantes nunca demostraron su intención de utilizar las leyes de 1917 y 1919 hasta el 16 de noviembre 1925 cuando ya su privilegio había expirado. Los apelantes alegan que las palabras "transcripción del récord" contenidas en la moción de septiembre 22, 1925 en la práctica no son usadas para indicar una transcripción del récord sino que con tal fin se usan las palabras "transcripción de autos". Sin embargo la palabra inglesa *"record"* ha sido adoptada en castellano y yo no tengo duda de que si cualquier abogado hubiera deseado en realidad una transcripción del récord podría con éxito haber confiado en los términos de la moción de septiembre 22, 1925. Paréceme que dicha moción no es susceptible de otra interpretación. Lo que hizo la corte de distrito fué asumir en su dictamen que en dicha moción los apelantes habían pedido tiempo para preparar las notas taquigráficas, cuando en realidad no hay absolutamente nada

en dicha moción que demuestre que los apelantes estaban invocando las actividades del taquígrafo. En dicha moción no aparece la palabra "taquígrafo" ni otra por el estilo. Por el contrario, como la corte y todas las partes sabían, la manera de hacer que el taquígrafo comience a reproducir sus notas es pidiendo a la corte que dicte una orden a dicho taquígrafo.

Yo no puedo concebir que la moción de septiembre 22, 1925 fuera meramente informal o defectuosa. No contenía nada que demostrara la más mínima intención de utilizar las notas taquigráficas como medio de elevar la evidencia a esta corte. Una "transcripción del récord" podía dudosa pero posiblemente incluir un pliego de excepciones o exposición del caso; ya que cualquiera de ellos puede formar parte del legajo de sentencia. Pero hemos resuelto al efecto de sostener la constitucionalidad de las leyes de 1917 y 1919, que dichas leyes no son meras enmiendas al Código de Enjuiciamiento Civil, sino que autorizan un método sustituto para elevar la evidencia a esta corte. Por tanto la intención de utilizar este sistema en cierto modo extraño al Código de Enjuiciamiento Civil debe ser claramente indicada. La manera normal de incorporar la evidencia es mediante un pliego de excepciones o exposición del caso. Me parece que en noviembre de 1925, aunque esta corte hubiera quizás podido en su discreción autorizar la incorporación de la evidencia mediante un pliego de excepciones, ninguna corte tenía ya poder para permitir la inclusión en el caso de las notas taquigráficas.

Estoy facultado para decir que el Juez Asociado Sr. Franco Soto está conforme con esta disidencia.