Lórenza Peña, Viuda de Balbás, Josefa y Alejandro Peña Ramos, representado éste por su viuda Providencia Machuca y sus hijos menores bajo la patria potestad de ésta Alfonso y Marina y Vicente Balbás Peña por sí y como componente de la Sociedad Civil "Peña y Balbás," demandantes y apeladas, v. Pedro Vergne de la Concha, demandado y apelante.

No. 4777.—*Visto:* Noviembre 19, 1928. *Resuelto:* Diciembre 24, 1928.

*G. Cruzado Silva* y *F. González Fagundo,* abogados del apelante; *A. Marín Marién,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se solicita la reconsideración de nuestra resolución de diciembre 3, 1928 (per curiam). Entre otras cosas esta corte resolvió que el término o período para solicitar que la corte dicte una resolución ordenando al taquígrafo transcribir sus notas podía ser prorrogado. La teoría de los apelados aparentemente es que la orden al taquígrafo debió obtenerse primeramente y entonces prorrogarse el término; que el término

mismo para obtener tal orden no podía ser prorrogado. Creemos que es demasiado claro para que sea necesario argumentar más, que el término para imponer un deber puede ser prorrogado así como el período para cumplir el deber una vez impuesto. Esta es la única proposición levantada por la moción de desestimación que consideramos de importancia o que merecía atención especial.

La otra cuestión levantada en la moción, al igual que la de los abogados, era un mera cuestión de identificación y que está más que claramente resuelta por nuestra decisión en el caso de *Domínguez* v. *Fabián*, 35 D.P.R. 314.

En ese caso el apelante solicitó una prórroga de 60 días para preparar la transcripción del récord. El apelante sostenía que "la transcripción del récord" solamente podía referirse a las notas taquigráficas, en vista de que si un apelante deseaba el récord hubiese dicho "transcripción de autos." La mayoría de esta corte resolvió que la intención del apelante había sido expresada suficientemente. Los jueces disidentes, entre los cuales estaba el que suscribe, sostenían, 35 D.P.R. 1046, que en ningún momento el apelante había demostrado que deseaba acogerse a las leyes del 1917 y 1919; que nada había que demostrara que el apelante tenía la intención de aprovecharse de las notas taquigráficas.

En el presente caso el apelante solicitó una prórroga de 10 días para obtener una orden para que se preparara la transcripción de evidencia y no hay duda alguna de lo que se trataba de obtener. La petición era suficientemente amplia para cubrir cualquier posibilidad y el caso principal, de no ser el único, en que la ley exige específicamente que se dicte una orden para que se prepare la transcripción taquigráfica es cuando el peticionario se acoge a las leyes de 1917 o 1919.

En cuanto a alegar una razón para que se prorrogue el término, tal cuestión descansa dentro de la sana discreción de la corte sentenciadora. Dado el bien conocido hecho de que casi invariablemente es necesario prorrogar el término

para la preparación de las notas taquigráficas, daría mucho trabajo para convencernos de que la corte sentenciadora cometió abuso de discreción.

*La moción de reconsideración debe ser declarada sin lugar.*