Sucesión de Arturo Vázquez Prada, demandante y apelante,
*v.* Manuel Gómez, demandado y apelado.

No. 5028.—*Sometido:* Julio 22, 1929.  *Resuelto:* Julio 26, 1929.

*José Soto Rivera,* abogado del apelante; *M. Acosta Velarde,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La parte apelada solicita la desestimación de este recurso, 1°. porque no pudiendo determinarse si la intención del apelante fué tramitarlo por medio de una exposición del caso o a virtud de una transcripción de la evidencia, de hecho al pretender abarcar los dos procedimientos se han dejado ambos decaer, 2°. porque en todo caso las mociones de prórrogas se presentaron por persona que no estaba autorizada para ello, y 3°. porque la apelación es frívola.

La sentencia se dictó el 7 de enero de 1929 y la apelación se interpuso el 2 de febrero siguiente. El propio día 2 de febrero la corte a instancias de la sucesión apelante, por su abogado, ordenó al taquígrafo que procediera a entregarle

copia del récord taquigráfico dentro "del término más razonable posible." La apelante venía litigando como pobre.

El 20 de febrero siguiente L. J. E. Vázquez Prada, uno de los componentes de la sucesión apelante, presentó una moción alegando varias razones para que se le concediera una prórroga de 67 días para que el taquígrafo preparara el récord taquigráfico. La corte accedió. En la misma forma se concedió una nueva prórroga de 60 días, y finalmente, otra "para radicar la exposición del caso," tal como fué expresamente pedida, cuyo vencimiento se extendió hasta el 30 de septiembre de 1929.

En una impugnación a la moción de desestimación, la sucesión apelante alega que de acuerdo con la jurisprudencia establecida en el caso de *Peña* v. *Vergne de la Concha,* 38 D.P.R. 990, el hecho de solicitar su abogado la transcripción del récord taquigráfico determina que los demandantes se decidieron por la transcripción de la evidencia. Y con referencia a la última prórroga solicitada para radicar la exposición del caso y en tales términos concedida, alegan que el error se debió a que esa última prórroga se solicitó por uno de los componentes de la sucesión demandante que no es letrado y que intervino por razón de la muerte de su abogado R. Guillermety y a fin de no dejar fenecer el recurso.

La confusión es evidente y poco explicable porque no sólo la última prórroga sino las anteriores vinieron solicitándose por el mismo L. J. E. Vázquez Prada.

Sin embargo, como pudo existir el error y puede pedirse a la corte de distrito que lo corrija de acuerdo con el criterio que se sostuvo en el propio caso de *Jeannot* v. *Dalmau,* 32 D.P.R. 41 que invoca la parte apelada, y como es evidente el propósito de la parte apelante de proseguir su apelación no dejando vencer prórroga alguna, debemos entender que optó por tramitarla por la vía de una transcripción de la evidencia y decidir que estando dicho trámite en todo su vigor aun en la corte sentenciadora, no cabe la desestimación del recurso.

Por el segundo motivo se impugna la facultad de L.

J. E. Vázquez Prada para comparecer ante la corte y gestionar las prórrogas de que se ha hecho mérito.

Interpretando esta Corte Suprema el artículo 51 del Código de Enjuiciamiento Civil que prescribe que "la comparecencia ante la corte deberá hacerse por medio de abogado legalmente autorizado para ejercer su profesión," en el caso de *Hernández* v. *La Corte de Distrito,* 15 D.P.R. 268 resolvió que a fin de que dicho artículo resultara constitucional, tenía que interpretarse en el sentido de que "se refiere a aquellas acciones en que una parte desea estar representada por otra, en cuyo caso debe comparecer por medio de abogado," pero nunca en el de prohibir la comparecencia de una parte personalmente en gestión o defensa de sus propios asuntos, criterio que fué reafirmado luego en el caso de *Matos* v. *Caraballo,* (28 D.P.R. 921), al decidirse, copiando del resumen, lo que sigue:

"En todo procedimiento judicial la parte realmente interesada puede gestionar personalmente su acción ante la corte sin que sea requisito indispensable el estar representada por abogado. El artículo 51 del Código de Enjuiciamiento Civil es de aplicación cuando la parte interesada desea estar representada por otra persona."

Ahora bien, ¿puede extenderse la representación de la propia persona a la de toda una sucesión de la cual la persona individual forma parte?

A nuestro juicio, limitando nuestra decisión a los hechos del caso, esto es, a la gestión de una prórroga para perfeccionar un recurso ya debidamente establecido, la pregunta puede y debe contestarse en la afirmativa.

Resta sólo considerar el último motivo. La verdad es que se trata de un caso peculiarísimo. Quizá asista la razón al apelado y sea el recurso enteramente frívolo, pero sin tener a la vista las pruebas practicadas que con las alegaciones sirvieron de base al fallo de la corte sentenciadora, no es posible resolver la cuestión que se plantea. Así lo ha resuelto esta corte repetidas veces.

*A virtud de todo lo expuesto, la moción de desestimación debe ser declarada sin lugar.*