No. 5140.—PÉREZ, aplte., *v.* QUINTANA RACING PARK INC. ET AL., apldos.—C. D. San Juan. Dic. 20, 1929.

(Por la corte, a propuesta del Juez Asociado Señor Hutchison.)

POR CUANTO, alegan los demandados-apelados como motivos para la desestimación de la apelación en este caso, lo siguiente: primero, que un término de 30 días concedido por la corte de distrito al demandante, a partir de octubre 10, 1929, para archivar la exposición del caso, es nulo e ineficaz porque las cortes de distrito no tienen facultad para conceder términos en esa forma, sino solamente para dar prórrogas del término de 10 días que a partir de la fecha de radicación del escrito de apelación señala la ley para radicar la exposición del caso; segundo, que aun cuando dicho término sea válido, como el mismo venció en noviembre 9, 1929, y el demandante no ha obtenido prórroga alguna para radicar la exposición del caso, no puede ya perfeccionar su apelación por ese medio, ni puede tampoco elevar a este tribunal la transcripción de los autos porque ha vencido también el término que para ello concede la ley; tercero, que la apelación es frívola y se ha entablado con fines meramente dilatorios, pues por la opinión de la corte de distrito puede verse que el caso fué resuelto en contra del demandante por un motivo fundamental de derecho consistente en que la acción entablada no era la que procedía, así como por razón de la apreciación de la evidencia hecha por la corte de distrito; y creen los demandados-apelados que conociendo el demandante-apelante que en poder de ellos está depositada la suma de $2,000 para ser entregada al Sr. Carlos Bird tan pronto la sentencia sea firme contra el demandante, éste ha interpuesto apelación para hacer retardar la entrega de dicho dinero y así tratar de obligar al Sr. Bird a ofrecer alguna transacción;

cuarto, que el demandante no ha proseguido su apelación con la debida diligencia, pues habiendo solicitado una copia de las notas taquigráficas del juicio para preparar la exposición del caso, no ha hecho dentro del término señalado la consignación requerida para honorarios del taquígrafo;

Por cuanto, el término de 30 días concedido por la corte a que se contrae el primer fundamento puede y debe entenderse como una prórroga y no como una pretensión por parte del juez de distrito de cambiar el término legal prescrito por la ley;

Por cuanto, en noviembre 5, 1929, el demandante radicó una moción solicitando de la corte 30 días para archivar la exposición del caso, expresando por un error o inadvertencia al final de dicha moción que se le concediera 30 días al taquígrafo para la transcripción del récord, moción que fué declarada con lugar en noviembre 6 de 1929;

Por cuanto, en noviembre 19 de 1929 el demandante radicó una moción solicitando se tuviera por enmendada su anterior moción, así como la orden de la corte concediendo lo solicitado, en el sentido de expresar que los 30 días solicitados lo eran para radicar la exposición del caso, a lo cual accedió la corte en noviembre 30 de 1929, fundándose en la doctrina establecida por este tribunal en el caso de *Domínguez* v. *Fabián,* 35 D.P.R. 314;

Por cuanto, de la opinión de la corte de distrito no se desprende que la apelación sea claramente frívola, sin que afecte la cuestión la mera creencia o sospecha infundada de los demandados-apelados en cuanto a la supuesta mala fe del demandante-apelante;

Por cuanto, queda demostrado por el demandante-apelante que éste ha adelantado al taquígrafo la suma de veinticinco dólares, existiendo el convenio entre ambos que el resto de los honorarios de dicho funcionario le serán satisfechos tan pronto como pueda hacerle entrega de la transcripción del récord,

Por tanto, se declara sin lugar la desestimación solicitada por los apelados.