TERESA UMPIERRE Y ORTIZ DE ZÁRATE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1039.—*Sometido:* Febrero 10, 1939. *Resuelto:* Febrero 25, 1939.

*Montilla, Riera & Hernández,* abogados de la recurrente; el registrador recurrido compareció por escrito; *J. Suárez Zengotita,* como abogado del *amicus curiae.*

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El siete de diciembre de 1938, doña Teresa Umpierre y Ortiz de Zárate pidió por escrito firmado ante notario al Registrador de la Propiedad de San Juan, Sección Segunda, que de acuerdo con la Ley núm. 12 de 1923, cancelara cierta anotación de embargo hecha sobre una finca de su propiedad a virtud de orden judicial dictada en noviembre 8, 1930.

El registrador negó la cancelación por medio de la siguiente nota:

''DENEGADA la cancelación solicitada en el precedente documento, por observarse que la referida anotación fué prorrogada por orden

del Juez de la Corte Municipal de Río Piedras de fecha 6 de noviembre de 1934, 'mientras el caso estuviere pendiente en dicha Corte'; y que no se ha demostrado que el mismo haya sido resuelto en definitiva, de acuerdo con la Ley 19 de 1936; habiéndose tomado en su lugar anotación preventiva . . . ."

No conforme la Señora Umpierre recurrió para ante este tribunal.

█ La ley aplicable es la número 12 aprobada en agosto 29, 1933, leyes de la sesión extraordinaria de ese año, pag. 37, que por su sección primera, letra *b,* dispone:

"Sección 1.—Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

.   .   .   .   .   .   .   .   .

"(*b*) Las anotaciones de embargo, prohibiciones de enajenar, anotaciones de demanda y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa . . . ."

Desde que se hizo la anotación—noviembre 8, 1930—hasta que se solicitó la cancelación—diciembre 7, 1938—habían transcurrido no ya cuatro años si que más del doble.

Pero la anotación fué prorrogada en noviembre 6, 1934, o sea dos días antes de vencerse el término, y el registrador tiene por tanto aparentemente razón, ya que la ley ordena la cancelación de las anotaciones de embargo que tengan más de cuatro años si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos.

Ahora bien, dados los términos en que la prórroga se concediera ¿puede considerarse válida?

Dichos términos fueron "mientras el caso estuviere pendiente en dicha corte", la Municipal de Río Piedras, y el resultado ha sido que un pleito en una corte municipal lleva más de ocho años sin resolverse y así podría continuar indefinidamente.

¿Tuvo en mente el legislador esa clase de prórrogas? En manera alguna. Expresamente consignó en la ley que las prórrogas deberían concederse por justa causa.

"Fué la intención de nuestra Legislatura", dijo esta corte por medio de su Juez Asociado Sr. Franco Soto en *Llinás* v. *Registrador,* 33 D.P.R. 925, 928, "extinguir por ministerio de la ley todas aquellas menciones y gravámenes comprendidos en las secciones citadas para que por el transcurso de los términos especificados, queden borrados los defectos que en los títulos puedan existir en virtud de tales gravámenes, obedeciendo sin duda al fundamento de la prescripción, encaminada a dar fijeza a la propiedad y evitar o poner fin a las cuestiones litigiosas."

Habiéndose además resuelto—*Belaval* v. *Córdova, Juez de Distrito, et al.,* 21 D.P.R. 537, *Guardian Assurance Co.* v. *López Acosta, Juez de Distrito,* 24 D.P.R. 637, y *Goffinet* v. *Polanco,* 31 D.P.R. 210—que las prórrogas indefinidas son nulas, y la aquí concedida cae claramente dentro de esa clasificación.

Siendo nula la prórroga es como si no existiera, como si no se hubiera concedido, y puede prescindirse de ella.

■■ Además, aunque así no fuera, tendría siempre que darse a la prórroga una duración razonable, en armonía con el propósito de la ley, y no parece en razón dar a la prórroga una extensión mayor de cuatro años que es la del término fijado por la ley.

La única duda que surge es la de si el registrador tiene facultad para alterar el estado de hecho creado en el registro y decidir por sí mismo como cuestión de derecho que tal estado no obstaculiza la cancelación por ser aparente y no real. Pero dado el espíritu y el propósito de la ley de que se trata y lo claro del principio envuelto la hemos desechado resolviendo la cuestión en pro de la facultad del registrador quien de acuerdo con nuestro sistema hipotecario es algo más que un funcionario meramente administrativo. Tiene, por ejemplo, facultad para examinar una sentencia judicial

378

y negarse a darle efecto en el registro cuando a virtud de su propio juicio concluye que fué dictada por una corte sin jurisdicción sobre la persona o la materia.

*Debe revocarse la nota recurrida y ordenarse al registrador que proceda a verificar la cancelación solicitada.*