JEANNE VDA. DE MAURET, demandante y apelante, *v.* ESTEBAN GARCÍA CABRERA, demandado y apelado

Núm. 7354.—*Sometido:* Noviembre 2, 1936. *Resuelto:* Diciembre 9, 1936.

*Henry G. Molina* y *S. de la Fuente,* abogados de la apelante; *R. Castro Fernández* y *José López Baralt,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 20 de mayo de 1936, la demandante apeló de la sentencia dictada contra ella en el presente caso, declarando sin lugar la demanda. Al siguiente día solicitó la parte apelante que se ordenara "al taquígrafo repórter que asistió al juicio, Sr. Eduardo Ugarte", una transcripción de las declaraciones ofrecidas y tenidas, de las pruebas ofrecidas

y practicadas, y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones sobre materias con el caso relacionadas. La corte resolvió de conformidad, ordenando al taquígrafo Eduardo Ugarte la transcripción solicitada.

La parte demandada ha pedido la desestimación de la apelación, entre otras razones, (*a*) por haber transcurrido el término legal para radicar la transcripción en la corte inferior sin que la apelante haya cumplido todavía con este requisito, y (*b*) porque en la vista de esta causa intervinieron dos taquígrafos, Eduardo Ugarte y Juan Comas Vera, y la apelante únicamente solicitó de la corte que se ordenara al taquígrafo Eduardo Ugarte la transcripción de la evidencia, sin hacer referencia alguna al taquígrafo Juan Comas Vera, a quien nunca se ha ordenado por la corte la transcripción de la evidencia tomada por él en el juicio.

■■ Entiende la parte apelante que no procede la desestimación, pero solicita se le conceda un nuevo término para radicar la transcripción de evidencia en la corte inferior, en caso de que esta corte llegue a la conclusión de que ha expirado ya el término concedido por el tribunal *a quo* para radicar dicha transcripción. Esta corte ha ejercitado siempre sus facultades discrecionales, concediendo nuevos términos en bien de la justicia, cuando la parte apelante ha desplegado debida diligencia en la tramitación del recurso interpuesto. Los autos en este caso demuestran que además del taquígrafo Eduardo Ugarte intervino en la vista del mismo el taquígrafo Juan Comas Vera, quien tomó en *rebuttal* las declaraciones de Luis Castro Feliú, José Morales, Maximino Marcano, Hernán Franco, Flor Torres, Juan Maldonado, Ramón Ramos, José Solís Serrano, Máximo de Mauret; Simone de Mauret de Babcock, Santiago de la Fuente y Juan José Fuertes.

La parte apelante tenía pleno conocimiento de que los referidos taquígrafos habían intervenido en la vista de este caso y en su moción dirigida a la Corte para la transcripción de la evidencia pide que se ordene la transcripción al taquígrafo repórter que asistió al juicio, Eduardo Ugarte, sin hacer mención del taquígrafo Juan Comas Vera. En las prórrogas solicitadas para transcribir la evidencia, la parte apelante insiste en pedir que la orden concediéndolas se dirija al taquígrafo Ugarte, sin hablar del taquígrafo Comas. En ninguna ocasión ha solicitado la demandante orden alguna dirigida a este último taquígrafo, a pesar de que han transcurrido ya más de cinco meses desde que se interpuso el recurso de apelación. Para justificar su falta de diligencia arguye la demandante que el taquígrafo principal es el Sr. Eduardo Ugarte y que la intervención del taquígrafo repórter Juan Comas fué puramente incidental. La ley no establece distinciones entre taquígrafos permanentes y taquígrafos incidentales. La verdad es que Juan Comas Vera tomó el testimonio de doce testigos y que la transcripción de la evidencia quedaría incompleta si no se hace formar parte de la misma toda la prueba aportada. Al referido taquígrafo no puede culpársele por no haber dado paso alguno para la transcripción de la evidencia, porque no ha sido requerido para ello ni ha recibido orden de la corte para transcribir el testimonio de los testigos que declararon cuando actuó como taquígrafo.

En *Salichs* v. *Junta Examinadora de Ingenieros,* 39 D.P.R. 245, se desestimó una apelación por haber expirado el período original de veinte días para preparar la transcripción taquigráfica sin haberse dado el aviso correspondiente al taquígrafo y sin haberse obtenido la debida prórroga para hacer tal notificación.

El presente caso es mucho más fuerte, porque no se trata de una falta de notificación, sino de la ausencia completa de una orden que, en cuanto al taquígrafo Comas, no fué soli-

citada ni expedida, y que por lo tanto no pudo ser notificada al taquígrafo mencionado.

*El recurso interpuesto debe ser desestimado.*

El Juez Presidente Señor del Toro no intervino.