Jaime y José Pizá, demandantes y apelantes, *v.* Manuel González Martínez, demandado y apelado.

Núm. 7881.—*Sometido:* Noviembre 14, 1938. *Resuelto:* Diciembre 9, 1938.

*Juan B. Soto* y *Enrique Igaravídez,* abogados de los apelantes; *J. Sifre, Jr.* y *Rafael Pastor,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Jaime y José Pizá radicaron en este tribunal una moción que titularon "Moción sobre Prórroga del término para radicar transcripción de evidencia", que termina con súplica de que se deje sin efecto la resolución dictada por la corte de distrito denegándoles la prórroga que solicitaron para radicar en aquella corte la transcripción de evidencia y que se les conceda por este tribunal una prórroga de treinta días con dicho objeto.

De la moción resulta lo siguiente: Los peticionarios establecieron un pleito contra Manuel González Martínez en la Corte de Distrito de San Juan, dictándose sentencia contra ellos el 14 de mayo de 1935. Apelaron de dicha sentencia para ante esta corte y a la vez solicitaron de la Corte de Distrito de San Juan que les concediese el beneficio de pobreza y que se ordenase que por el taquígrafo fuese preparada la transcripción de la evidencia sin costo alguno. La

Corte de Distrito de San Juan, con fecha 5 de junio de 1935, concedió a los demandantes apelantes el beneficio de pobreza, y el 9 del mismo mes el taquígrafo, Sr. Oscar Gandía, solicitó la reconsideración de esta orden, reconsideración que fué denegada el 16 del mismo mes de junio de 1935, dictándose una resolución que en su parte dispositiva dice así:

"Se ordena al taquígrafo, Oscar A. Gandía, que dentro del término de veinte días prepare y presente sin cobrar derecho alguno a los demandantes por sus servicios una transcripción de la evidencia testifical y documental de acuerdo con la ley, así como de los actos, resoluciones y excepciones que ocurrieron en el curso del juicio, a los fines de la apelación establecida contra la sentencia."

El 25 de septiembre de 1935 el referido taquígrafo interpuso recurso de apelación contra la orden antes aludida, habiendo estado pendiente de tramitación dicha apelación hasta que fué definitivamente desestimada el 20 de mayo de 1938 (52 D.P.R. 916). Mientras se tramitaba la apelación del taquígrafo, los demandantes apelantes no solicitaron prórroga alguna para radicar en su oportunidad la transcripción de evidencia, descansando, según ellos, en que habiéndose apelado por el taquígrafo de la orden decretando la preparación de la transcripción de evidencia, la corte de distrito carecía de jurisdicción para conceder prórrogas a los apelantes hasta tanto se resolviese en definitiva el recurso interpuesto por el taquígrafo. Después de desestimada la apelación interpuesta por el taquígrafo y devuelto a la corte de distrito el mandato correspondiente, los demandantes apelantes radicaron en aquella corte una moción solicitando prórroga para radicar la transcripción de la evidencia, la cual les fué denegada. Solicitaron reconsideración de la orden últimamente citada y también les fué denegada por resolución de 3 de octubre de 1938, según consta de una copia simple de la misma que los demandantes apelantes unieron, a manera de exhibit, a la moción que ahora nos ocupa.

De la resolución de 3 de octubre último aparecen los siguientes datos que por ser pertinentes a este caso expondre-

mos a continuación: Que el taquígrafo solicitó y obtuvo diez y siete prórrogas de treinta días cada una para radicar la exposición del caso en la apelación por él interpuesta para ante este tribunal, siendo la última solicitud de prórroga la fechada el 30 de marzo de 1937; que durante todo ese tiempo nada hicieron los demandantes para solicitar la desestimación de la apelación interpuesta por el taquígrafo para ante la Corte Suprema, a pesar de lo dispuesto por la regla 59 del Reglamento de este tribunal, y, no obstante la circunstancia de que la exposición del caso que debió haber preparado el taquígrafo pudo haber sido preparada en no más de una hora, según el juez de la corte inferior, los demandantes apelantes tardaron más de año y medio en solicitar la desestimación de la apelación interpuesta por el taquígrafo. Termina la resolución de la Corte de Distrito de San Juan con el siguiente párrafo:

"Se solicita ahora la reconsideración de esta última orden por los apelantes; el demandado apelado se opone, y la corte cree que no tiene jurisdicción para concederla. Pero aunque la tuviera, atendidas todas las circunstancias de este caso creemos que los apelantes no han sido todo lo diligentes que debieron haberlo sido. El demandado tiene una sentencia a su favor desde el 14 de mayo de 1935 y no es justo que se le haya tenido, por tanto tiempo, de plantón ante los tribunales. Él tenía derecho a que la apelación se hubiera tramitado diligentemente. *Interest reipublicae ut sit finis litium.*"

Contra la resolución antes citada los demandantes apelantes no interpusieron recurso de apelación alguno y en esta moción que ahora consideramos no se solicita que se restablezca el término para radicar transcripción de evidencia, sino que se revoque o deje sin efecto la resolución de la Corte de Distrito de San Juan y se le conceda una prórroga para radicar la transcripción en aquella corte.

La situación que presentan los demandantes apelantes en la moción que ahora nos ocupa es sustancialmente igual a la ocurrida en el caso de *Marcano v. Méndez*, 35 D.P.R. 273. En aquel caso el apelante solicitó y obtuvo va-

rias prórrogas para radicar la transcripción de evidencia, hasta que en 9 de enero de 1926, aparentemente cuando la última prórroga estaba para expirar, el taquígrafo solicitó una última prórroga, denegándola la corte el 12 de febrero siguiente. El apelante no interpuso recurso de apelación contra la resolución antedicha, sino que compareció ante esta corte y radicó cierta petición para que este Tribunal ejercitase su discreción a fin de permitir la radicación de las notas taquigráficas, y la corte, al desestimar la apelación, se expresó en los siguientes términos:

"Éste es un caso donde la corte, ejercitando su discreción, se negó a ampliar el término del taquígrafo. No se interpuso apelación contra la resolución de la corte negándose a prorrogar el término. Posiblemente hubiéramos podido revisar la discreción si tal apelación hubiera sido interpuesta. En vista de los hechos, la actuación de la corte debe ser considerada como cosa juzgada."

En el presente caso, no habiéndose interpuesto recurso de apelación contra la resolución de la corte denegando la prórroga para radicar transcripción de evidencia, debemos considerar, como en el caso de *Marcano* v. *Méndez,* supra, que la resolución de la corte de distrito constituye cosa juzgada, existiendo además la circunstancia de que aun en el caso de que se hubiese solicitado el restablecimiento del término, no hubiéramos hecho buen uso de nuestra discreción concediéndolo, toda vez que las circunstancias del caso demuestran que los demandantes no fueron diligentes en la tramitación de su apelación.

En el caso de *Viuda de Martí* v. *García Cabrera,* 50 D.P.R. 706, se denegó el restablecimiento de un término para radicar la transcripción de evidencia en la Corte de Distrito de San Juan, diciéndose por voz del Juez Asociado Sr. Córdova Dávila lo siguiente:

"Entiende la parte apelante que no procede la desestimación, pero solicita se le conceda un nuevo término para radicar la transcripción de evidencia en la corte inferior, en caso de que esta corte llegue a la conclusión de que ha expirado ya el término concedido

por el tribunal *a quo* para radicar dicha transcripción. Esta corte ha ejercitado siempre sus facultades discrecionales, concediendo nuevos términos en bien de la justicia, *cuando la parte apelante ha desplegado debida diligencia en la tramitación del recurso interpuesto."* (Itálicas nuestras.)

No habiéndose interpuesto recurso de apelación contra la resolución de la Corte de Distrito de San Juan denegatoria de la prórroga ni habiéndose solicitado de este tribunal el restablecimiento del término, y apareciendo además que los apelantes no desplegaron en la corte de distrito la debida diligencia en la tramitación del recurso de apelación, *procede denegar su moción sobre "prórroga del término para radicar transcripción de evidencia."*

El Juez Presidente Señor del Toro no intervino.