FERROCARRILES DEL ESTE, demandante y apelada, *v.* MARÍA RÍOS VIUDA DE RUBIO y CENTRAL PASTO VIEJO, INC., demandadas y apelantes.

No. 4869.—*Sometido:* Enero 28, 1929. *Resuelto:* Enero 31, 1929.

*O'Neill & O'Neill,* abogados de los apelantes; *González Fagundo & González Jr.,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Dictada sentencia en este pleito el primero de noviembre de 1928 apeló de ella la demandada María Ríos Vda. de Rubio y solicitó de la corte ordenase al taquígrafo que hiciera la transcripción de sus notas taquigráficas para la apelación. Accedió la corte inferior a su solicitud decretando el 7 de diciembre de 1928 que el taquígrafo procediera a preparar dicha transcripción dentro de los veinte días que para ello concede la ley, orden que el mismo día fué notificada al taquígrafo. Transcurrido ese término sin que el taquígrafo presentara dicha transcripción y sin que él ni la parte apelante solicitaran y obtuvieran que el término le fuera prorrogado por la corte, la parte apelada radicó el 3 de enero de 1929 en la secretaría de este tribunal moción solicitando que desestimemos esa apelación cuya vista fué señalada para el 28 de este mes, en el que tuvo lugar.

Se opuso la apelante a tal moción por escrito y oralmente, y el 14 de enero radicó moción solicitando que haciendo nosotros uso de la facultad que nos confiere el artículo 140 del Código de Enjuiciamiento Civil le concedamos un nuevo término para la transcripción de la evidencia, moción que fué oída el mismo día que la precedente, y a la que se opuso el apelado.

La solicitud de nuevo término se funda en los hechos alegados en la oposición a la desestimación de la apelación.

Las razones expuestas por la apelante para que no desestimemos su recurso son: que de acuerdo con la Ley No. 81 de 1919 si el taquígrafo dejare sin excusa legítima de preparar la transcripción de la evidencia en el término de sesenta días deberá ser compelido a ello por la corte por los medios coercitivos procedentes: que no tuvo noticia de la fecha en que se ordenó que la transcripción fuera hecha: que el 6 de diciembre de 1928 escribió al taquígrafo diciéndole que enviaba ese día moción para que hiciera la transcripción de la evidencia, esperando de él que la hiciera a la mayor brevedad, que pidiera las prórrogas convenientes y que le hiciera saber los progresos de ese trabajo, sin que el taquígrafo cumpliera nada de lo que interesó de él: que tenía motivo para creer que el taquígrafo obedecería la orden de la corte o que solicitaría prórrogas: y que si ha habido demora es por causa exclusiva del taquígrafo.

■■■ Hemos resuelto repetidas veces que la parte que opta para su apelación por una transcripción de la evidencia hecha por el taquígrafo sufre las consecuencias de la conducta de dicho empleado. *Mercado* v. *Sucn. de Ferreiro*, 26 D.P.R. 492, citado en *Viera y Compañía* v. *Reyes*, 28 D.P.R. 80; *Sanders Philippi & Co.* v. *Rivera*, 28 D.P.R. 959; *Martínez* v. *Martínez*, 29 D.P.R. 553; *Cruz* v. *Sucn. Jiménez*, 30 D.P.R. 855; *Martínez* v. *López*, 31 D.P.R. 812; *Pagán* v. *Pagán*, 32 D.P.R. 642; y *González* v. *Méndez*, 33 D.P.R. 846. Por tanto, la parte apelante no tenía derecho a confiar en que el taquígrafo pidiera prórrogas y esa omisión del taquígrafo es imputable a la apelante. Tampoco tenía derecho a confiar en que dicho funcionario la tuviera al corriente de los progresos del trabajo que le encomendó porque él no tiene obligación legal de hacer tal cosa. ■ De igual modo el secretario no tenía el deber de notificarle que la corte había accedido a que la transcripción de la evidencia fuera hecha, aunque esto no tiene importancia en este caso en vista de la

carta al taquígrafo. Ni tenía derecho a confiar en que el taquígrafo hiciera la transcripción dentro de veinte días en cumplimiento de la orden de la corte, porque es sabido que no siempre puede hacerla dentro del término que se le concede y por esto la ley permite que el término sea prorrogado. ▮ Y por último la cita que se hace de la Ley No. 81 no es aplicable a este caso porque se refiere a aquellos en que habiendo transcurrido los veinte días que la ley concede y prórrogas hasta sesenta días, el taquígrafo puede ser compelido por la corte usando medios coercitivos para que haga la transcripción, si es que no hubiere tenido excusa legítima para no haberla preparado, y siempre a petición de parte; y en este caso no se utilizó tal medio.

▮ Por lo expuesto el apelado tiene derecho a que sea desestimada esta apelación a menos que concedamos un nuevo término a la apelante para que la transcripción de la evidencia sea hecha, pero como las razones para tal solicitud son las mismas claramente improcedentes para que no desestimemos la apelación, y como la apelante no ha cumplido una regla de las cortes de distrito preceptiva de que la apelante debe depositar en la secretaría el valor del trabajo del taquígrafo, no encontramos justificada la concesión de un nuevo término y *la solicitud en tal sentido hecha debe ser negada y desestimada esta apelación.*

RESOLUCIÓN SOBRE RECONSIDERACIÓN, DE FEBRERO 11, 1929

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Por resolución de 31 de enero negamos a la parte apelante la concesión de un nuevo término para que el taquígrafo preparase la transcripción de la evidencia y desestimamos la apelación de acuerdo con la petición que nos hizo la parte apelada, exponiendo los motivos de esas resoluciones en la opinión que en igual fecha escribimos para fundamentarlas. Las razones alegadas entonces para la concesión de un nuevo término eran las mismas que las expuestas para

que no desestimásemos la apelación, todas las cuales giraban sobre la cuestión de no ser responsable la apelante del descuido del taquígrafo en no obtener prórrogas, que es contraria a nuestra repetida jurisprudencia sobre ese particular.

Ahora se nos pide reconsideración de la negativa de concesión de nuevo término, que llevaría como consecuencia el restablecimiento de la apelación, alegándose para esa petición que la sentencia apelada priva equivocadamente a la apelante de una fuerte cantidad de dinero a que tiene derecho: que la consignación en la Corte de los derechos del taquígrafo se hace después de dictada la orden requiriéndole que haga la transcripción de la evidencia: que la política de este tribunal es resolver las apelaciones en su fondo y por sus méritos: y que no tuvo oportunidad de solicitar prórrogas, habiéndosele echado encima el peso de la ley sin ninguna consideración ni benevolencia.

■■ Toda apelación contra una sentencia significa que la parte apelante la cree injusta o equivocada en la resolución de los derechos del apelante, que generalmente son de importancia para él, pero el hecho de la existencia de una apelación y de la importancia de los derechos que el apelante estima lesionados no es motivo para que sea relevado de las reglas que gobiernan la tramitación de las apelaciones y para que le concedamos un nuevo término para que el taquígrafo haga la transcripción de la evidencia para la apelación, cuando ese término ha vencido sin solicitarse y obtenerse oportunamente que fuese prorrogado.

Es cierto que la consignación de los derechos del taquígrafo por su transcripción hay que hacerla después que la corte inferior ordena que la prepare, pero en este caso la apelante no hizo tal consignación después que esa orden fué dictada, ni la ha hecho en momento alguno.

También es cierto que nuestra política, y creemos que la de todos los tribunales de justicia, es resolver las apelaciones por sus méritos pero esto sucede cuando es posible, mas no cuando habiendo la apelante dejado de cumplir con

la ley en materia de apelaciones, abiertamente y sin excusa razonable, pide la apelada que por ese motivo desestimemos la apelación, como ocurre en este caso.

Por último, se ha aplicado la ley en este caso para desestimar la apelación porque habiendo tenido la apelante oportunidad concedida por el estatuto para solicitar prórrogas para el taquígrafo no hizo, sin embargo, uso de ese derecho. Nos es duro tener que desestimar apelaciones pero si la parte apelada tiene razón para que desestimemos la presente, no podemos negarle ese derecho.

*Por lo expuesto no vemos motivo para reconsiderar nuestra resolución de 5 de este mes.*