EDUARDO SALICHS Y GARCÍA, demandante y apelado, *v.* LA JUNTA EXAMINADORA DE INGENIEROS, ARQUITECTOS Y AGRIMENSORES DE PUERTO RICO, demandada y apelante.

No. 4862.—*Sometido:* Febrero 4, 1929.—*Resuelto:* Febrero 28, 1929.

246

*James R. Reverly, Attorney General* y *Felipe Janer, Sub-Procurador,* abogados de la apelante; *A. Fiol Negrón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En agosto 8, 1928, se apeló de una sentencia dictada en julio 9 del mismo año. La apelante simultáneamente, fundándose en la ley de noviembre 27, 1917, solicitó de la corte que ordenara al taquígrafo preparara la transcripción de la evidencia. Tal orden fué expedida en agosto 9 del citado año. De los autos no se desprende que la apelante diera algún paso adicional hasta el 10 de noviembre de 1928. Entonces la apelante radicó una moción en la que se decía que la orden dirigida al taquígrafo no había sido entregada a este funcionario por el secretario de la corte, y se solicitaba que el secretario la notificara a dicho taquígrafo. La corte expidió el mismo día la orden solicitada. Por tanto, desde el 9 de agosto hasta el 10 de noviembre la apelante no tomó acción alguna. El caso está sujeto a ser desestimado, por lo menos por dos fundamentos, y el apelado ha solicitado la desestimación del recurso.

La excusa presentada por la apelante es que el taquígrafo estaba enfermo y que dicha apelante no averiguó que el secretario había dejado de notificar al taquígrafo hasta que este último funcionario se puso bien.

Las partes han discutido varias cuestiones y citado un gran cúmulo de jurisprudencia, alguna de ella bastante aplicable en el sentido de que la demora en acelerar una causa es imputable a la parte apelante. *Mercado* v. *Sucn. Ferreiro,* 26 D.P.R. 492. No es necesario que citemos ningunos otros casos.

El deber especial del apelante es ver que la orden dirigida al taquígrafo sea entregada a este funcionario. Si el secretario deja de hacer esto, tal falta es imputable al apelante.

La apelación *debe ser desestimada* en vista de que el período original de veinte días para preparar la transcripción taquigráfica expiró sin haberse dado el aviso correspondiente al taquígrafo y sin haberse obtenido la debida prórroga para hacer tal notificación. Además, la apelación *debe ser desestimada* de conformidad con la regla 59 de este tribunal, ya que han transcurrido más de noventa días sin haberse preparado los autos del caso, ni haberse elevado los mismos a esta corte, y sin haberse demostrado suficiente excusa.