CÁNDIDO NORIEGA, como cesionario de "Noriega & Rangel", demandante y apelado, *v.* LA SUCESIÓN DE DON SANTIAGO COLÓN Y SUÁREZ, demandada y apelante.

No. 5170—*Sometido:* Diciembre 23, 1929. *Resuelto:* Enero 22, 1930.

*R. V. Pérez Marchand,* abogado de la apelante; *R. Arjona Siaca,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso por haberse archivado la notificación de apelación fuera del término de ley.

La sentencia se registró y notificó a la parte perjudicada el 5 de noviembre de 1929 y la apelación se interpuso el 6 de diciembre siguiente.

La parte apelada sostiene que el término venció el 5 de diciembre de 1929. La parte apelante alega que venció el seis, porque tratándose de un mes calendario debe tenerse en cuenta el número de días del mes en que vence el término y como el mes de diciembre tiene en el calendario treinta y un días, treinta y uno y no treinta eran los días que tenía para apelar.

La ley vigente en nuestra Isla fija el término para apelar como sigue: "Dentro de un mes después de haberse registrado la sentencia." Artículo 295, No. 1, Código de Enjuiciamiento Civil.

El artículo 8 del Código Civil, dispone:

"Artículo 8.—Si en las leyes se habla de meses, días o noches, se entenderá que los meses son de treinta días, los días de veinte y cuatro horas, y las noches desde que se pone hasta que sale el sol.

"Si los meses se determinan por sus nombres, se computarán por los días que respectivamente tengan."

Aplicando la regla fijada por el mismo legislador, es necesario concluir que la razón asiste en este caso a la parte apelada y no a la apelante. El legislador concedió para apelar el término de un mes sin determinar el mes por su

nombre. Siendo ello así, de acuerdo con el artículo 8 transcrito, treinta días constituyen el mes concedido.

Ya esta misma corte en el caso de *Volkers* v. *The American Railroad Co. of Porto Rico*, 20 D.P.R. 403, expresó su criterio sobre la materia, así:

"De acuerdo con el artículo 8 del Código Civil en relación con el párrafo 4 del artículo 392 del Código Político, el término de un mes concedido por el artículo 295 del Código de Enjuiciamiento Civil, enmendado por las leyes de marzo 11, 1908, y No. 70 de marzo 9, 1911, significa un mes de 30 días, e interpuesta una apelación fuera de este tiempo debe ser desestimada."

La parte apelante invoca el artículo 392, No. 4, del Código Político que dice:

"La palabra 'año' empleada en este Código significa un año natural, y 'mes' un mes común (calendar month), a no precisarse otra cosa."

Como puede verse el Código Político fija el alcance de sus propios términos mientras que el precepto del Código Civil es general. Además la decisión de esta corte en el caso de Volkers, *supra,* se dictó tomando en consideración el dicho artículo 392 del Código Político.

Pero es que aunque sólo existiera el precepto del Código Político y tratándose de una ley de origen americano se tomara en consideración lo resuelto por las cortes del continente para interpretarlo, aun así tendría que reconocerse siempre que asiste la razón a la parte apelada porque la regla en el continente es que se tome en consideración el número de días del mes en que empieza el término a correr y no el del en que vence, y como en este caso fué noviembre el mes en que empezó el término y noviembre tiene treinta días, treinta y no treinta y un días era lo que tenía la parte perjudicada para apelar.

Parece conveniente transcribir el resumen de la jurisprudencia a que acabamos de referirnos, tal como lo formula Cyc.

"En los Estados Unidos una gran mayoría de los estados han

aprobado estatutos que definen el significado de este término (mes), y hoy en 'día es regla, tanto de conformidad con el estatuto como en cualquier otra forma, que la palabra 'mes' al ser usada 'sin calificativo alguno significa mes del calendario. La frase 'mes del calendario' significa un mes según ha sido designado en el calendario independientemente del número de días que contenga; debe computarse no contando el número de días 'sino examinando el calendario y empieza a correr desde determinado día en un mes hasta el día correspondiente del mes siguiente, excepto cuando el mes posterior no tenga tantos días, caso en el cual expira en el último día de dicho mes.''

''El número de días en un mes varía de acuerdo con esta regla y está limitado necesariamente por el número de días que contenga el mes en que se comience la computación. Así, un término de un mes que comience en un mes de treinta días consiste solamente de ese número de días (People v. Ulrich, 2 Abb. Pr. N.Y. 29; Minard v. Burtis, 83 Wis. 267, 53 N.W. 509); y cuando el mes en que debe empezar la computación tiene treinta y un días, mientras que el mes en que termina sólo tiene treinta días, un mes del calendario que empiece el día treinta contendrá un día más que un mes que empiece el treinta y uno toda vez que ambos meses deben terminar el día treinta (Parkhill v. Brighton, 61 Iowa 103, 15 N.W. 853).'' 38 Cyc 313.

█ A virtud de todo lo expuesto, habiéndose establecido la apelación después de transcurridos los treinta días que constituyen el mes que concede la ley, tratándose como se trata de un término jurisdiccional, no existe apelación y el recurso debe en su consecuencia ser desestimado.