Juan Abarca, en su carácter de liquidador de Abarca Auto Company, Inc., demandante y apelado, *v.* Juan Rodríguez y su esposa María Teresa Delgado de Rodríguez, demandados y apelantes.

No. 5316.—*Sometido:* Mayo 26, 1930. *Resuelto:* Mayo 31, 1930.

---

* Nota: Véase el prefacio.

*E. Rincón* y *A. Arroyo,* abogados de los apelantes; *Harry B. Llenza,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita là desestimación del recurso interpuesto en este caso basándose en que establecido el 12 de febrero último y habiéndose acogido el apelante a la ley No. 27 de 1917, se ordenó al taquígrafo el 25 del propio febrero que preparara la transcripción de la evidencia sin que lo hiciera dentro del plazo que la misma ley concede, y en que el récord de la apelación no ha sido archivado en esta corte dentro del término de ley.

Por una moción adicional la parte apelada solicita también la desestimación del recurso porque el escrito del apelante optando porque el taquígrafo preparara la transcripción no fué archivado dentro de los diez días que marca el estatuto.

La parte apelante se opuso por escrito a la desestimación. Sostiene que la orden de 25 de febrero no se notificó al taquígrafo hasta después de abril 30 y que se encuentra pendiente de resolver en la corte de distrito una moción que presentara pidiendo a la corte que en uso del poder que le concede el artículo 140 del Código de Enjuiciamiento Civil dé por presentado en tiempo el escrito optando por la preparación de la transcripción por el taquígrafo.

En el caso de *Ferrocarriles del Este* v. *Ríos,* 39 D. P.R. 85, se decidió:

"El Secretario no está en el deber de notificar a un apelante el

haber accedido la Corte a que la transcripción de la evidencia sea hecha.''

Y en el de *Salichs* v. *Junta Examinadora de Ingenieros*, 39 D.P.R. 245, se resolvió:

"La apelación debe ser desestimada en vista de que el período original de veinte día's para preparar la transcripción taquigráfica expiró sin haberse dado el aviso correspondiente al taquígrafo y sin haberse obtenido la debida prórroga para hacer tal notificación.''

Aquí, como hemos consignado, la corte accedió a la petición del apelante y ordenó al taquígrafo la preparación de la transcripción el 25 de febrero. El apelante dejó transcurrir lo que faltaba de febrero, todo marzo y casi todo abril solicitando, según la certificación que acompaña a su impugnación, el 30 de este último mes que la orden de 25 de febrero se notificara al taquígrafo.

En tal virtud y como tampoco existe exposición del caso, ni se radicó el legajo de la sentencia dentro del término de treinta días, ni se solicitó prórroga en tiempo para ello, no cabe continuar tramitando válidamente la apelación.

También procedería la desestimación del recurso por el motivo adicional alegado. La circunstancia de que esté pendiente una moción en la corte de distrito, no empece, pues repetidamente se ha decidido que sólo al Tribunal Supremo compete la concesión de nuevos términos cuando han fenecido los fijados por la ley que no son de naturaleza jurisdiccional y la petición se formula dentro de un término razonable alegándose y demostrándose justa causa.

*Debe desestimarse el recurso.*