Manuel Martínez Rodríguez, demandante y apelado, *v.* Freiría Hnos., S. en C., demandados y apelantes.

No. 5021.—*Sometido:* Abril 29, 1930. *Resuelto:* Junio 27, 1930.

284

*Arroyo & Rincón,* abogados de la apelante; *R. Rivera Zayas,* abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

██ En este caso la cuestión principal sometida por el apelante es que el término que el taquígrafo tiene para la transcripción de la evidencia no puede empezar a contarse sino desde que tal funcionario es notificado de la orden del juez para preparar la transcripción: que aquí la orden fué dictada en 25 de marzo de 1929, y la notificación se hizo en 28 de los mismos mes y año, y por consiguiente el término de veinte días empezó a contarse desde tal fecha, 28 de marzo. El apelante alega que presentó una moción en 16 de abril de 1929 solicitando 30 días de prórroga para la transcripción, y que ésta se presentó (dice radicó la exposición del caso) en 30 de abril de 1929; y se señaló por la corte el siguiente día 10 de mayo para la aprobación; y que el 11 de dicho mes de mayo, el apelado presentó moción oponiéndose a tal aprobación por haber sido presentada fuera de tiempo, y la corte de conformidad con la moción, se negó a aprobar la transcripción; cuya resolución es la apelada.

De la transcripción del récord que se une a esta apelación aparecen la sentencia dictada en 14 de marzo de 1929, notificada en forma, el escrito de apelación que aparece de fecha 20 de marzo de 1929, una moción de la apelante optando por la transcripción de evidencia, y pidiendo la orden para ello, en marzo 20, 1929, la orden de la corte, accediendo, en fecha 25 de dichos mes y año, y una nota, que dice "Notificado 28 de marzo 1929. Fdo. Carmelo G. Pérez, Taquígrafo"; una moción de prórroga, de la apelante, firmada en 16 de abril de 1929, y una resolución del juez a la misma, "como se pide" en la misma fecha; la orden del juez, en 30 de abril de 1929, dando por presentada la transcripción, y señalando el 10 de mayo de 1929, para la aprobación; un escrito de oposición a la aprobación, suscrito por la representación de la apelada en 10 de mayo de 1929, radicado el 11 del mismo mes; la resolución de la corte, en 21 del mismo mayo, negando la aprobación de la transcripción por haberse presentado fuera de tiempo; una moción de reconsideración de la apelante, y la resolución denegatoria de fecha 29 de mayo de 1929, y el escrito de apelación contra la resolución negándose a aprobar la transcripción, en 31 de dicho mayo.

Los dos errores señalados se refieren: el primero a que la corte declaró que en 16 de abril de 1929 había transcurrido el término de 20 días que da la ley para la transcripción; y el segundo, a que la corte decidió la petición de la apelada para que se desestimara la transcripción, sin oír a la apelante.

Aunque no hubiera otros casos en que este tribunal declarase la doctrina en cuanto a esta materia, bastaría lo dicho en *Salichs* v. *Junta Examinadora de Ingenieros*, 39 D. P.R. 245, para determinar en cuanto al primer señalamiento de error.

"El deber especial del apelante es ver que la orden dirigida al taquígrafo sea entregada a este funcionario. Si el secretario deja de hacer esto, tal falta es imputable al apelante."

En cuanto al segundo señalamiento, no encontramos

en el récord justificación del hecho que se alega. Lo único que vemos en la resolución de la corte, de fecha 29 de mayo de 1929, es lo que sigue:

"El segundo fundamento de reconsideración, es que la oposición que está radicada en autos no fué notificada a la apelante. La moción que aparece en autos fué radicada por el demandante a virtud de una orden que la corte le dió para que expusiera por escrito sus fundamentos de oposición cuando compareció el día 10 de mayo a oponerse oralmente a que se aprobara la transcripción y a cuya vista no compareció la apelante, no obstante haber sido notificada."

Concuerda esto con lo que manifiesta la parte apelada en su alegato. Y siendo esto lo ocurrido, no fué error de la corte el que como tal se señala en segundo lugar.

*Debe confirmarse la resolución apelada.*