MUNICIPIO DE GUAYANILLA, demandante y apelante, *v.* COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO, demandada y apelada; JESÚS STELLA RODRÍGUEZ, interventor y apelado.

Núm. 7509.—*Sometido:* Abril 19, 1937. *Resuelto:* Abril 23, 1937.

*Ismael Soldevila* y *Pedro M. Porrata,* abogados del apelante; *Leopoldo Tormes García,* abogado del interventor apelado; y *Hon. Procurador General B. Fernández García* y *T. Torres Pérez, Subprocurador,* abogados de la Comisión apelada.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

La parte interventora apelada solicita la desestimación del recurso interpuesto en este caso por el Municipio de Guayanilla, demandante, por no haberse radicado los autos de la apelación dentro del término de ley. Se opuso el municipio alegando que pende actualmente de aprobación en la corte sentenciadora una transcripción de la evidencia preparada a los efectos de perfeccionar su recurso, no habiendo, por tanto, empezado aún a correr el término de ley para el archivo de los autos en este tribunal, solicitando además para el caso de que este tribunal resolviese que la transcripción de evidencia era improcedente que, en consideración a los motivos que expone, se le conceda un nuevo término para el archivo de la transcripción de los autos en la secretaría de esta corte.

Se trata de una apelación de una resolución de la Comisión de Servicio Público interpuesta por el Municipio de Guayanilla en la Corte de Distrito de San Juan resuelta en contra del municipio por sentencia de febrero 16, 1937, contra la cual recurrió el municipio para ante esta Corte Suprema.

Si los autos estaban listos para ser certificados y elevados a esta corte en el momento de interponerse el recurso, tendría razón la parte apelada al sostener que ha transcurrido el término de ley—treinta días—sin que la transcripción se radicara y procedería por tal motivo la desestimación del recurso a menos que se concediera el nuevo término que se solicita.

Si se está tramitando válidamente una transcripción de evidencia en la corte sentenciadora a los efectos del debido perfeccionamiento del recurso, entonces la razón estará de parte del municipio apelante.

Prescribe el artículo 90 de la Ley de Servicio Público, Leyes de 1917, Vol. II, página 535:

"Artículo 90.—*Apelaciones para ante la Corte Suprema.*—Cualquiera de las partes en autos agraviada por la sentencia, orden o

decreto final de la antedicha corte, podrá apelar de ella para ante la Corte Suprema. Dicha apelación se interpondrá y se tramitará en la misma forma y manera que en otros casos de apelación para ante dicha Corte Suprema."

Examinemos la naturaleza del procedimiento en la corte de distrito. La ley lo titula "apelación". Por su artículo 78 dispone que: "Dentro de los treinta días después de archivada cualquier declaración o decisión por la Comisión . . . . . . . cualquiera de las partes en el procedimiento afectada por ella, podrá apelar para ante la Corte de Distrito de San Juan, . . . ." Y la Corte Suprema de los Estados Unidos en el caso de *Commission* v. *Havemeyer*, 296 U. S. 506, 519, concluye que esa apelación es a modo de un pleito entablado para obtener la nulidad de la resolución que se impugna.

La demanda la constituye la petición de apelación en la que deberán hacerse constar específica y concisamente los errores que se alegan cometidos en la declaración, decisión u orden de la Comisión.

Notificada ésta, dentro de treinta días, certificará los autos que comprenderán las declaraciones tomadas y sus conclusiones de hecho, si las hubiere, órdenes y opinión, y archivará su contestación. Cualquiera otra parte interesada podrá intervenir en el procedimiento con permiso de la corte.

No se admitirá nueva evidencia en la Corte de Distrito. La evidencia que servirá de base al decreto de la corte será la comprendida en la certificación de la Comisión, constituyendo las órdenes de la Comisión prueba prima facie de la razonabilidad de las mismas, recayendo el peso de probar lo contrario sobre la parte que apela.

A virtud de lo que dejamos consignado que aparece con mayor fijeza, detalle y extensión en los artículos 78 al 89 de la citada ley, se concluye que el decreto de la corte de distrito que se apela para ante esta Corte Suprema se dicta basado en el mérito de las alegaciones archivadas originalmente en la corte y de los documentos presentados y eviden-

cia practicada en la Comisión y de sus órdenes, que se envían a la corte certificados por la propia Comisión.

Siendo ello así, todo estaba debidamente autenticado en la corte de distrito cuando ésta resolvió la apelación y listo, por tanto, para ser transcrito y elevado a esta Corte Suprema dentro del término de treinta días que fija el artículo 299 del Código de Enjuiciamiento Civil en su último párrafo, sin necesidad de tener que recurrir al taquígrafo para que preparara la transcripción de la evidencia de acuerdo con la ley especial sobre la materia aprobada en noviembre 27, 1917 (Ley núm. 27, (2) pág. 275), Código de Enjuiciamiento Civil, edición 1933, página 286.

Ahora bien, como se trata de un término que es susceptible de extensión, como la ley es nueva y el tiempo transcurrido es poco y la parte apelante ha demostrado su diligencia, creemos que debemos ejercitar nuestra discreción concediéndole el nuevo término que solicita para el archivo en la secretaría de esta Corte Suprema de una copia certificada por el secretario de la corte de distrito o por los abogados de las partes de los autos, incluyendo por supuesto en ella la de la certificación de la Comisión.