VENANCIO RÍOS, demandante y apelante, *v.* EUSEBIO DÍAZ, demandado y apelado.

Núm. 7966.—*Sometido:* Abril 24, 1939. *Resuelto:* Abril 28, 1939.

*V. Polanco de Jesús,* abogado del apelante; *Angel Rivera Colón,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se pide la desestimación del recurso de apelación interpuesto en este caso por haberse establecido fuera de término.

■ De los autos resulta que la sentencia apelada se dictó en mayo 3, 1938, notificándose y archivándose con los autos el mismo día copia de la notificación a la parte perdidosa. La apelación se interpuso el 3 de junio siguiente.

La parte apelante impugna la desestimación porque solicitó que se le declarara pobre y no fué hasta junio 3 que la corte resolvió su petición y porque residiendo en Ciales que está a veinte y seis millas de Arecibo y habiéndosele notificado por correo tenía derecho a un día adicional de acuerdo con lo dispuesto en el artículo 322 del Código de Enjuiciamiento Civil.

■ No tiene razón a nuestro juicio. Se trata de un término jurisdiccional. Un mes fija el estatuto—artículo 295, núm. 1, del Código de Enjuiciamiento Civil, ed. 1933, pág. 138—y se ha resuelto que cuando la ley habla de meses se entienden meses de treinta días. Artículo 8 Código Civil, ed. 1930; *Luce & Co., S. en C.* v. *Cintrón*, 42 D.P.R. 610; *Noriega* v. *Sucn. Colón*, 40 D.P.R. 450, *Wolkers* v. *American R. R. Co. of P. R.*, 20 D.P.R. 403.

■ El hecho de que estuviera pendiente la concesión del beneficio de pobreza, no interrumpe el término, ni tampoco es aplicable la disposición del artículo 322 del Código de Enjuiciamiento Civil, ed. 1933, pág. 152, porque en este caso por mandato expreso de la ley el término ''empezará a correr desde la fecha del archivo de dicha notificación con los autos'' y no a partir de la fecha de la notificación.

*Debe desestimarse el recurso.*