LUISA PILLOT, demandante y apelada, *v.* WHITE STAR BUS LINE, INC., demandada y apelante.

Núm. 8312.—*Sometido:* Febrero 10, 1941. *Resuelto:* Febrero 27, 1941.

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes y F. Alvarado, Jr.,* abogados de la apelante; *Ciro Malatrasi, Jr.,* y *Víctor M. Marchán,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La cuestión envuelta en este caso es la de si el término de diez días que concede el artículo 299 del Código de Enjuiciamiento Civil tal como quedó enmendado en 1939, pág. 575, para pedir—a los efectos de perfeccionar la apelación que se interponga contra una sentencia de una corte de distrito—"que se haga y prepare la transcripción de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, y de todas las resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionen", puede prorrogarse, o renovarse si hubiere vencido.

Dicha cuestión se levanta por la apelada en una moción solicitando la desestimación del recurso por no haberse archivado en tiempo la transcripción. Su posición es ésta: El recurso se interpuso en diciembre 16, 1940. En enero 16, 1941, no se había archivado la transcripción, dejándose de hacerlo, en tal virtud, dentro del término de treinta días que el propio artículo 299 concede para ello. No se ha cumplido con la ley y la desestimación procede.

La apelante se opone porque el término de treinta días invocado no ha empezado a correr aún de acuerdo con lo dispuesto en el repetido artículo 299, ya que está pendiente en la corte de distrito la preparación de la transcripción de la evidencia, replicando la apelada que aunque es cierto que la corte sentenciadora concedió a la apelante una prórroga *nunc pro tunc* hasta diciembre 30, 1940, para presentar su solicitud, dicha concesión es nula porque habiéndosele pedido que actuara cuatro días después de vencido el término de diez días de que se trata, dicha corte carecía de jurisdicción para otorgarla.

La realidad es que el término venció en diciembre 26, 1940; que la solicitud de prórroga se archivó en diciembre 30, 1940; que en enero 21, 1941, la apelante radicó otra moción explicando la tardanza de cuatro días y solicitando que la corte ejercitara en su favor la discreción que le confería el artículo 140 del Código de Enjuiciamiento Civil, y que la corte en siete de febrero actual dictó una orden cuyo párrafo final es como sigue:

"Concluímos por lo tanto que esta corte tiene facultad para conceder la prórroga solicitada, y puesto que el caso es uno propio para ello, en el ejercicio de nuestra discreción, se concede a la demandada una prórroga *nunc pro tunc*, hasta el 30 de diciembre de 1940, para la radicación de su solicitud sobre transcripción de la evidencia."

En su consecuencia, si la corte de distrito actuó con jurisdicción, la desestimación no procede, y si no la tuvo, debe la moción declararse con lugar.

¿Se trata de un término fatal que no puede ser prorrogado, ni renovado en su caso?

Esta Corte Suprema en *Peña* v. *Vergne,* 38 D.P.R. 1050, en una resolución *per curiam,* dijo, al negarse a desestimar la apelación, "*Por cuanto* es prorrogable el período de tiempo fijado por la ley para solicitar de la corte que ordene al taquígrafo que prepare la transcripción de evidencia", y luego, resolviendo una moción de reconsideración, se expresó así:

"... La teoría de los apelados aparentemente es que la orden al taquígrafo debió obtenerse primeramente y entonces prorrogarse el término; que el término mismo para obtener tal orden no podía ser prorrogado. Creemos que es demasiado claro para que sea necesario argumentar más, que el término para imponer un deber puede ser prorrogado así como el período para cumplir el deber una vez impuesto. Esta es la única proposición levantada por la moción de desestimación que consideramos de importancia o que merecía atención especial." *Peña* v. *Vergne de la Concha,* 38 D.P.R. 989.

Sostiene la apelada que esa decisión no es aplicable porque la ley ha variado, revelando la que rige en la actualidad la clara intención del legislador de que el término que concede no sea prorrogable.

En efecto, en 1928 cuando la opinión en el caso de *Peña* v. *Vergne,* supra, fué emitida, el artículo 299 tal como había sido enmendado en 1919, decía: "Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los diez días siguientes a su archivo o de la prórroga que en su caso se le conceda por la corte, deberá presentar...." y ahora, después de la enmienda de 1939, dice: "Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los diez días siguientes a la radicación de ese escrito deberá presentar....", de suerte que quedaron eliminadas las palabras "o de la prórroga que en su caso se le conceda" y es esa eliminación la que invoca la apelada como reveladora de la intención legislativa.

A nuestro juicio la eliminación no tiene el alcance que le atribuye la apelada. Creemos que siendo el término de que se trata de naturaleza prorrogable, no había necesidad de conferir poder alguno a la corte para extenderlo en casos apropiados. Lo que hizo el legislador fué eliminar de la ley algo inútil, dejándola substancialmente en ese punto como estaba.

Ahora bien, aquí no nos confrontamos con una mera prórroga. El término había vencido y sabido es que los términos

vencidos no pueden prorrogarse. Si nos detuvimos en el análisis de la cuestión lo fué para fijar la naturaleza prorrogable del término de que se trata. En las apelaciones sólo existe un término jurisdiccional, improrrogable, el fijado por la ley para la interposición del recurso. (*González* v. *Príncipe et al.,* 10 D.P.R. 508; *Pérez* v. *Sucesión Collado,* 19 D.P.R. 422; *Noriega* v. *Sucesión Colón,* 40 D.P.R. 450; *Ríos* v. *Díaz,* 54 D.P.R. 697.) Los demás, a no ser que la ley disponga expresamente lo contrario, son prorrogables. (*Pueblo* v. *Sociedad Civil Borda & Calaf,* 43 D.P.R. 935; *Municipio de Guayanilla* v. *Comisión Servicio Público,* 51 D.P.R. 374.)

El efecto de la orden aquí dictada o sea la de la corte de distrito de febrero siete en curso cuyo último párrafo transcribimos, es el de la concesión de un nuevo término. ¿Tuvo autoridad para dictarla?

A nuestro juicio la pregunta debe contestarse en la afirmativa. La apelante invocó el artículo 140 del Código de Enjuiciamiento Civil y esta corte en el caso de *Báez* v. *Honoré,* 56 D.P.R. 31, 34, 38, 41 y 43, hablando por su Juez Asociado Sr. Hutchison, se expresó como sigue:

"La corte de distrito, luego de exponer los hechos substancialmente, tal cual figuran en la moción de los apelantes, invocó en apoyo de su actuación, no sólo su facultad inherente para corregir sus propios autos, sino también los poderes conferídosle por el artículo 140 del Código de Enjuiciamiento Civil. La orden de la corte disponía que las resoluciones de abril 10 y 15 se entendieran redactadas *nunc pro tunc,* 'de modo que se le ordene al taquígrafo formular las notas taquigráficas y que las prórrogas conferidas lo fueron a los apelantes para radicar la exposición del caso, así como que se entienda que los apelantes se acogen a la Ley núm. 70 de 9 de marzo de 1911 y no a la que prescribe las apelaciones de casos criminales.'

"Podría admitirse que esta orden no puede sostenerse como una mera corrección *nunc pro tunc* de un error oficinesco (*clerical*) cometido en las órdenes anteriores. Para los fines de esta opinión podría admitirse de igual modo que las órdenes anteriores difícilmente pueden ser interpretadas como prórrogas del término para radicar la exposición del caso. La cuestión es si la corte de distrito bajo el artículo 140 del Código de Enjuiciamiento Civil tenía facultad para exonerar

a los apelantes de los efectos de estas órdenes, consideradas las mismas como prórrogas para que el taquígrafo transcribiera sus notas taquigráficas y entregara copia de la transcripción al letrado de los apelantes.

"En *Pardo* v. *Pardo,* 19 D.P.R. 1188, la mayoría de este tribunal, conforme el mismo estaba constituído en 1913, resolvió, según se hace constar en el sumario, lo siguiente:

" 'Los preceptos de nuestro estatuto relativos al término para preparar una exposición del caso deben ser interpretados en sentido estricto.

" 'El artículo 140 del Código de Enjuiciamiento Civil no faculta a una corte de distrito para admitir una exposición del caso después de haber expirado el término legal. La palabra "procedimiento" a que se refiere dicho artículo es un procedimiento en la corte sentenciadora y no abarca los procedimientos para perfeccionar una apelación.'

"La opinión señala ciertas diferencias insignificantes existentes entre nuestro Código de Enjuiciamiento Civil y el de California. Ninguna de estas ligeras diferencias ni ninguna disposición por parte de la corte a 'considerar diligentemente los casos sometidos a su consideración', son suficiente motivo para negarse a seguir la interpretación dada al estatuto de California con anterioridad a la fecha de su adopción por nuestra Asamblea Legislativa."

Se analizan los hechos y circunstancias del caso de *Pardo* v. *Pardo,* supra, citándose las varias opiniones de esta corte en que sus *dicta* fueron seguidos y se continúa diciendo:

"Desde que se resolvieron estos casos el personal que constituye la corte ha variado. La cuestión se suscita ahora por primera vez ante el tribunal tal cual está constituído al presente. Luego de considerar y discutir nuevamente el asunto hemos llegado a la conclusión de que los casos resueltos hasta ahora deben ser revocados.

"En 8 *Bancroft's Code Practice and Remedies,* pág. 9027, sec. 6832, hallamos:

" 'Una parte puede ser exonerada de los efectos de haber dejado de notificar, archivar o presentar un pliego de excepciones dentro del término prescrito en un estatuto que autoriza a una corte, en la forma que estimare justa, para eximir a una persona de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia. La autoridad conferida por el estatuto para conceder

el remedio puede ejercitarse tan sólo cuando se presenta una solicitud fundamentada que demuestre equivocación, inadvertencia, sorpresa o excusable negligencia, en que la corte pueda basar sus conclusiones en pro o en contra de la solicitud; la mera conclusión en una declaración jurada al efecto de que el letrado dejó de solicitar una prórroga por inadvertencia y negligencia excusable, es insuficiente para invocar la jurisdicción de la corte.

'' 'Cualquier duda que exista debe ser resuelta en favor de la solicitud a fin de celebrar una vista sobre los méritos, siempre que se presente un caso adecuado bajo el estatuto; y una corte de apelaciones estará menos inclinada a revocar una resolución declarando con lugar tal solicitud que una negándola. Pero la discreción de la corte sentenciadora debe basarse en sus propias inferencias lógicas y razonables, de los hechos presentádosle en el caso específico que está ante ella. El remedio puede concederse condicionalmente.' ''

Siguen citas de 4 C.J.S. pág. 1364, sec. 869, 2 Cal. Jur., pág. 563, de *Bancroft's Supplement,* sec. 6832, y se expresa:

"En California 'la aprobación de un pliego de excepciones es un ''procedimiento'' dentro del significado de las disposiciones del artículo 473.' *Pollitz* v. *Wickersham,* 150 Cal. 238; *Lukes* v. *Logan,* 66 Cal. 33.

"En *George B. Leavitt Co.* v. *Couturier,* 23 P. (2d) 1101, la Corte Suprema de Utah dijo:

'' 'Es ley ya establecida en esta jurisdicción que una corte de distrito puede, de conformidad con las disposiciones de los Estatutos Revisados de Utah de 1917, sección 6619, al radicarse la oportuna solicitud, debidamente fundamentada, exonerar a una parte de los efectos de haber dejado de mantener vivo el término para preparar, notificar y radicar un pliego de excepciones.' ''

Se transcriben entonces párrafos de las opiniones en los casos de *Morgan* v. *Oregon R. R. Co.,* 74 P. 523 y *Richardson* v. *Bohney,* 109 P. 727, terminando la opinión así:

"La corte de distrito, de conformidad con el artículo 140 del Código de Enjuiciamiento Civil tenía facultad para excusar la omisión de los apelantes, por equivocación, inadvertencia o negligencia excusable, de solicitar—en sus mociones para que se dictara una orden dirigida al taquígrafo para que preparara y entregara la transcripción y para que se le concedieran prórrogas para preparar y entregar la misma—un término para radicar la exposición del caso.

También tenía facultad para eximir a los apelantes de los efectos de las resoluciones en que se ordenaba al taquígrafo que preparara y entregara la transcripción y se prorrogaba el término para que el taquígrafo preparara y entregara tal transcripción, sin ampliar el término dentro del cual los apelantes pudieran preparar y archivar una exposición del caso.''

Poco después esta propia corte, en el caso de *Municipio* v. *De la Fuente,* 56 D.P.R. 105, resolvió, copiando del resumen, que:

"Las cortes de distrito tienen autoridad bajo el artículo 140 del Código de Enjuiciamiento Civil para conceder, ya expresa o implícitamente, tomando en consideración las circunstancias que concurren, un nuevo término para presentar una transcripción de evidencia cuando la prórroga no se solicita durante la vigencia de la anterior.''

En tal virtud, habiendo actuado con jurisdicción la corte de distrito al conceder el nuevo término de que se trata, la realidad es que se encuentra pendiente aún en dicha corte la preparación del récord de la apelación, y disponiendo como dispone la ley (artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley Núm. 111 de 1939, pág. 575, 579) que dicho récord ''deberá ser archivado en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado la transcripción de la evidencia'', carece de fundamento la moción de desestimación que deberá, en su consecuencia, declararse sin lugar.

El Juez Asociado Sr. Todd, Jr., no intervino.