José Cordero, demandante y apelante, *v.* R. Santaella & Bros., Inc., demandada y apelada.

Núm. 9264.—*Sometido:* Mayo 19, 1947. *Resuelto:* Julio 14, 1947.

---

(5)Véase artículo 742 del Código Civil, ed. de 1930.

*Ismael Soldevila,* abogado del apelante; *Córdova & González, Carlos J. Faure* y *José López Baralt,* abogados de la apelada; *José López Baralt,* abogado también del interventor Oscar A. Gandía.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El demandante José Cordero radicó una demanda por daños y perjuicios contra R. Santaella & Bros., Inc., ante la Corte de Distrito de San Juan y solicitó que se le permitiese litigar en "forma pauperis", lo cual le fué concedido. El 24 de julio de 1945 la Corte dictó sentencia declarando sin lugar la demanda. De esta sentencia apeló el demandante y solicitó proseguir su apelación en "forma pauperis", lo cual también le fué concedido. La corte dictó una orden para que se hiciera la transcripción de evidencia, pero esta orden nunca fué notificada a uno de los taquígrafos que tomó las notas del juicio. Así se desprende de la certificación expedida por el Secretario de la corte inferior, unida a los autos. Conviene hacer constar que el demandante ha estado representado en todo momento por abogado. La demandada apelada solicita ahora que se desestime la apelación alegando entre otras cosas, que no se ha proseguido con la debida diligencia y que el taquígrafo repórter nunca fué notificado de la orden de transcripción de evidencia.

Alega el demandante que no se pudo notificar al taquígrafo debido a que éste estaba en disfrute de licencia por enfermedad, sin poder asistir a su oficina, habiéndolo hecho el abogado del apelante verbalmente después de los veinte días señalados para radicar la transcripción.

De los autos aparece que el demandante solicitó y obtuvo de la corte *a quo* varias prórrogas para radicar la transcrip-

ción de evidencia. No aparece, sin embargo, que se haya notificado· al taquígrafo dentro de los veinte días dentro de los que se debió haber radicado la transcripción, ni que se haya solicitado prórroga alguna para hacer tal notificación.

En el caso de *Salichs* v. *Junta Examinadora de Ingenieros,* 39 D.P.R. 245, se resolvió:

"La apelación debe ser desestimada en vista de que el período original de veinte días para preparar la transcripción taquigráfica expiró sin haberse dado el aviso correspondiente al taquígrafo y sin haberse obtenido la debida prórroga para hacer tal notificación."

A este mismo efecto véase *Abarca* v. *Rodríguez,* 41 D.P.R. 103.

*Debe declararse con lugar la moción de desestimación.*