Mercedes Vigio, demandante y apelada, *v.* Severiano Cartagena Rodríguez, Manuel, Francisco y Angel Hernández, demandados y apelantes.

Núm. 10097.—*Sometido:* Noviembre 8, 1949.  *Resuelto:* Noviembre 28, 1949.

*Juan Enrique Géigel* y *Guillermo Silva,* abogados de los apelantes. *Guillermo Bauzá,* abogado de la apelada.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

La demandante-apelada solicita la desestimación de la apelación interpuesta por los demandados contra sentencia dictada por el tribunal inferior el primero de abril de 1949, y de la que se apeló en 13 de mayo del mismo año, aún en tiempo para ello, por ser el 14 de abril la fecha en que se archivó en los autos constancia de la notificación a las partes. Dos son los fundamentos que sirven de base a dicha moción: (1) que la orden del tribunal al taquígrafo que actuó en el juicio para que preparara la transcripción de la evidencia, de fecha 1ro. de junio de 1949, es nula, toda vez que la moción solicitando dicha transcripción fué radicada el 27 de mayo de ese año, o sea, fuera de los diez días que señala la ley para hacer tal solicitud; y (2) que desde la fecha en que se solicitó la orden para la transcripción de la evidencia la parte apelante no ha hecho gestión adicional alguna para proseguir diligentemente su apelación, habiendo expirado el período original de veinte días para preparar la transcripción de la evidencia sin haberse ésta radicado ni haberse obtenido prórroga para ello.

La moción de desestimación que nos ocupa fué radicada en este Tribunal el 12 de septiembre de este año. Los apelantes se oponen a la desestimación invocando, en cuanto al primer fundamento, la regla 6(*b*)(2) de las de Enjuiciamiento Civil; sosteniendo, en cuanto al segundo, que no habiendo sido el taquígrafo notificado de la orden sobre transcripción de evidencia hasta el 16 de septiembre de 1949, no deben los apelantes sufrir las consecuencias de tal falta de notificación.

▇▇▇ Si bien las Reglas de Enjuiciamiento Civil, conforme resolvimos en *Hernández* v. *Corte Municipal,* 69 D.P.R. 887 "no contienen precepto alguno sobre el procedimiento que ha de seguirse en las apelaciones" y por lo tanto la 6(b) (2) invocada por los apelantes en oposición al primer fundamento de la moción de desestimación no tiene aplicación, creemos no obstante que la apelación no debe desestimarse por dicho fundamento ya que hemos resuelto que el término de diez días que al apelante concede el artículo 299 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 111 del 5 de mayo de 1939, para pedir que se ordene al taquígrafo la transcripción de la evidencia, es prorrogable, pudiendo la corte de distrito conceder uno nuevo, si hubiere vencido, en el ejercicio de la facultad que le confiere el artículo 140 del Código de Enjuiciamiento Civil. *Pillot* v. *White Star Bus Line,* 58 D.P.R. 129. Ya en *Báez* v. *Honoré,* 56 D.P.R. 31, se había revocado por este Tribunal la jurisprudencia anterior al efecto de que la jurisdicción para conceder un nuevo término correspondía exclusivamente a este Tribunal y no a las cortes de distrito, cuando no se solicitaba prórroga dentro del término en vigor, ratificándose dicha decisión en *Municipio de Aguas Buenas* v. *De la Fuente,* 56 D.P.R. 105 y *Caguas Company, Inc.* v. *López,* 56 D.P.R. 178. Lo dicho en estos dos casos lo fué con relación a nuevos términos para radicar la transcripción de la evidencia una vez vencido el anterior, pero es aplicable igualmente a la concesión de un nuevo término para solicitar la transcripción de la evidencia, ya que en las apelaciones sólo existe un término jurisdiccional improrrogable que es el fijado por ley para la interposición del recurso. Los demás, a no ser que la ley disponga lo contrario, son prorrogables. *Pillot* v. *White Star Bus Line,* supra.

En el presente caso, al igual que en el de *Pillot,* no se trata de una solicitud de *prórroga,* pues aquí, como en aquél, el término de diez días había vencido. Sin embargo,

bajo la autoridad del caso de *Pillot,* resolvemos que el efecto de la orden del 1ro. de junio de 1949, dictada en este caso para que el taquígrafo preparara la transcripción de la evidencia, tuvo el efecto de conceder un nuevo término a la parte apelante, y que dicha orden fué dictada con autoridad para ello y es válida y eficaz.

No creemos, por lo tanto, que deba desestimarse la apelación interpuesta, por el primer fundamento que se aduce.

En apoyo del segundo fundamento de su moción la apelada invoca el caso de *Cordero* v. *R. Santaella & Bros.,* 67 D.P.R. 602, en el cual se dictó por la corte de distrito una orden para que se hiciera la transcripción de la evidencia, pero esa orden nunca fué notificada a uno de los taquígrafos que tomó las notas del juicio. Se solicitó de este Tribunal que la apelación interpuesta fuera desestimada, y así se hizo, fundándose nuestra decisión en que "no aparece que se haya notificado al taquígrafo dentro de los veinte días dentro de los que se debió haber radicado la transcripción, ni que se haya solicitado prórroga alguna para hacer tal notificación," citándose los casos de *Salichs* v. *Junta Examinadora de Ingenieros,* 39 D.P.R. 245 y *Abarca* v. *Rodríguez,* 41 D.P.R. 103.

En el presente caso, según se acredita con certificación de la Secretaria del Tribunal inferior, la orden al taquígrafo que intervino en el juicio no le fué notificada—como tampoco a las partes—hasta el 16 de septiembre de 1949 "por haberse enviado el expediente al archivo, inadvertidamente." De suerte, pues, que desde el 1ro. de junio hasta el 16 de septiembre, transcurrieron tres meses y medio sin que el taquígrafo hubiera sido notificado de la aludida orden.

Examinada la Ley núm. 111 de 5 de mayo de 1939 ((1) pág. 575), enmendatoria del artículo 299 del Código de Enjuiciamiento Civil (ed. 1933) según éste a su vez quedó enmendado por la núm. 19 del 11 de abril de 1935—vigente dicha ley a la fecha de nuestra decisión en el caso de *Cordero* v.

*R. Santaella & Bros.*, supra—llegamos a la conclusión de que en dicho caso no se expuso correctamente la ley, y queda revocado. Veamos por qué.

El artículo 299 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 111 ya citada, luego de disponer que la parte apelante, dentro de los diez días siguientes a la radicación de su escrito de apelación deberá presentar y radicar con el secretario de la corte de distrito que hubiere dictado la sentencia, orden o resolución apelada, un escrito solicitando la transcripción de la evidencia y demás actuaciones de la corte así como de las objeciones y excepciones de los abogados, provee en su segundo párrafo: "Al recibir dicho escrito, *será el deber de la corte* ordenar al taquígrafo de la misma que transcriba fiel y completamente las notas taquigráficas del juicio. El taquígrafo, dentro de los veinte (20) días *después de habérsele así ordenado y notificado por la corte,* o de la prórroga que se le conceda a su solicitud o de la parte apelante, deberá preparar y radicar una transcripción de las notas taquigráficas del juicio, . . . y entregará ésta al secretario de la referida corte; . . ." (Subrayado nuestro. Lo transcrito es lo pertinente a la cuestión que nos ocupa.)

Es obvio, de acuerdo con la anterior disposición del artículo 299, que el término original de veinte días para la radicación de la transcripción de la evidencia no empieza a correr hasta que el taquígrafo es *notificado* de la orden de la corte a ese efecto. Los casos de *Salichs* v. *Junta Examinadora de Ingenieros* y *Abarca* v. *Rodríguez,* supra, citados en el de *Cordero,* fueron resueltos, el primero en 28 de febrero de 1929 y el segundo en 31 de mayo de 1930, en época de vigencia de la Ley núm. 27 de 27 de noviembre de 1917 según enmendada por la núm. 81 de 26 de junio de 1919 por la que no se requería—como se requiere por la núm. 111 de 5 de mayo de 1939—que el taquígrafo fuera *notificado* de la orden sobre

preparación de la transcripción de evidencia.(¹)  La referida Ley núm. 27 fué expresamente derogada por la núm. 111 indicada.  Fácil es advertir, pues, nuestro error en el caso de *Cordero,* que fué resuelto en 14 de julio de 1947, en vigor ya la ley que requiere la notificación *por la corte* al taquígrafo.

A la fecha de radicación de la moción solicitando la desestimación del recurso ante este Tribunal—12 de septiembre de 1949—aún el taquígrafo de la corte inferior no había sido notificado de la orden sobre transcripción de evidencia, y por lo tanto, aún en esa fecha no había comenzado a correr el término de veinte días para radicar la misma.  Nada hay en autos que indique que dicha transcripción no fuera radicada por el taquígrafo dentro de dicho término.  De hecho, el taquígrafo certificó dicha transcripción y la notificó a los abogados de ambas partes el 29 de septiembre, o sea, trece días después de haber sido notificado de la orden al efecto.  La misma fué aprobada el 14 de octubre siguiente, y de la resolución aprobando dicha transcripción aparece que ésta le fué sometida para aprobación, por estipulación de las partes, a un juez distinto de aquél que intervino en el juicio.

Habiendo quedado finalmente radicado ante este Tribunal el récord de apelación el 26 de octubre, o sea, 12 días después de la fecha de aprobarse la transcripción de evidencia, resolvemos que el mismo fué radicado en término hábil.

*La moción de desestimación será declarada sin lugar.*

---

.(¹)En lo pertinente, la sección 2 de dicha ley disponía:

"Al recibir dicho escrito, será el deber de la corte ordenar al taquígrafo de la misma que transcriba fiel y completamente el récord taquigráfico del juicio. El taquígrafo, dentro de los veinte días *después de habérsele así ordenado por la Corte,* deberá preparar una transcripción de las notas taquigráficas del juicio, incluyendo en dicha transcripción copia de todos los documentos ofrecidos y admitidos como prueba, y de cualquier otra materia que se hubiere solicitado en el escrito, que se incluyan en la transcripción y entregará ésta al secretario de la referida corte . . ." Leyes de 1917, Vol. II, pág. 277.  (Subrayado nuestro.)