PROCTORS MANUFACTURING CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JOSÉ M. CALDERÓN, JR., JUEZ, demandado; y FRANCISCO TIRELLI, interventor.

Número 2156.

*Sometido:* 11 de abril de 1955. *Resuelto:* 28 de abril de 1955.

*Leopoldo C. Delucca* y *Robert M. Baker,* abogados de la peticionaria; *A. Figueroa Rivera,* abogado del interventor, demandante-en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

En 5 de enero del año en curso la Proctors Manufacturing Corp. acudió ante nos con una petición de *certiorari* contra el Tribunal Superior de Puerto Rico, Sala de San Juan. Alegó en ella en síntesis que el día 30 de marzo de 1954 Francisco Tirelli inició ante el Tribunal de Distrito de Puerto Rico, Sala de Río Piedras, una querella a virtud de la cual reclamó de la peticionaria la suma de $1,712.96, más costas y honorarios de abogado; que el 5 de agosto siguiente y luego de una vista en los méritos, la citada sala del Tribunal de Distrito dictó sentencia declarando con lugar la querella y concediendo al querellante la suma de $1,351.50, más las costas y $250 para honorarios de abogado; que esa sentencia fué notificada a las partes el mismo día que se dictó y que el 10 del referido mes la peticionaria apeló para ante el Tribunal Superior de Puerto Rico, Sala de San Juan; que luego de celebrarse las correspondientes vistas, la relación del caso quedó corregida y aprobada, y fué notificada a uno de los abogados de la peticionaria el 21 de octubre de 1954; que el día 23 de noviembre siguiente el querellante Tirelli acudió ante el tribunal recurrido solicitando la desestimación del recurso por no haberse radicado hasta esa fecha los autos del caso; que en respuesta a esa solicitud la peticionaria presentó una moción solicitando permiso para radicar los autos del caso fuera del término, tal cual si los mismos se hubieran presentado oportunamente, aduciendo las razones que existieron para no ha-

ber radicado dentro del término los autos del caso; que el día 27 de diciembre de 1954 el tribunal recurrido, por voz de su Juez Hon. J. M. Calderón, Jr., dictó resolución desestimando la apelación interpuesta y ordenando el envío de los autos al tribunal inferior para la acción que fuere pertinente; que el tribunal recurrido actuó erróneamente al expresarse así en su resolución desestimatoria:

"Siendo las reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior terminantes en sus disposiciones, y no pudiendo este tribunal, ni las partes ampliar los términos fijados por ley, el dejarse de cumplir con sus disposiciones le priva de jurisdicción a este tribunal para entender en dicha apelación."

Y que la peticionaria entiende que el tribunal recurrido tiene facultad inherente para permitir que los autos en apelación se eleven fuera de término, no estando tal facultad limitada en forma alguna cuando de términos prorrogables se trata.

En 12 de enero de 1955 expedimos el auto de certiorari solicitado y a instancias de la peticionaria en 11 de abril celebramos una vista durante la cual oímos a las partes en torno de la cuestión en controversia.

La acción de Tirelli contra la aquí peticionaria fué una en reclamación de salarios, instada de conformidad con lo dispuesto por la Ley 10 de 14 de noviembre de 1917 (Vol. II, pág. 217), según ha sido enmendada. Dictada sentencia adversa a la querellada, ésta podía apelar para ante el Tribunal Superior dentro del término de cinco días de conformidad con lo preceptuado por las secs. 3, 5 y 8 de la citada Ley 10 de 1917. *Sierra* v. *Tribunal Superior*, 75 D.P.R. 841.([1]). Ha-

---

[1] Estamos resolviendo la cuestión de derecho que nos ocupa en la forma que nos ha sido planteada. Con tal fin aceptamos a los fines del caso que las "reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior del Estado Libre Asociado de Puerto Rico," aprobadas por este Tribunal Supremo—véase la sec. 19 de la Ley núm. 11 de 24 de julio de 1952 (Ses. extr., pág. 31)—para comenzar a regir el día 15 de octubre de 1952 son aplicables a un caso sobre reclamación de salarios como el que dió origen a la petición de certiorari que ahora está ante nos. Cf. *Sierra* v. *Tribunal Superior*, 75 D.P.R. 841.

biéndose dictado la sentencia del Tribunal de Distrito en 5 de agosto y quedando archivada en autos la notificación de la misma el día ya indicado, la apelación interpuesta el 10 de agosto lo fué oportunamente.

Según la núm. 5 de las citadas reglas, "dentro de los 20 días siguientes a la radicación del escrito de apelación el juez de distrito que entendió en la vista del caso entregará al Secretario, para ser unida a los autos en apelación, una relación escrita de todo lo ocurrido en el caso, a menos que la parte apelante informe por escrito al juez dentro de los cinco días de radicarse la apelación que preparará una transcripción de evidencia en sustitución de tal relación." Esa relación fué oportunamente presentada y, tal cual reza la petición de certiorari, su aprobación fué notificada a uno de los letrados de la peticionaria con fecha 21 de octubre de 1954. Resueltas las objeciones por el juez que presidió la vista del caso—sigue preceptuando la citada regla—"será deber del apelante elevar por mediación del Secretario los autos en apelación dentro de los cinco días siguientes," y si dichos autos no fueren elevados al Tribunal Superior dentro de ese término *o de la prórroga que éste concediere al efecto*, la apelación será desestimada.

En vista de que no obstante el hecho de haberse resuelto las objeciones presentadas y de haber quedado aprobada la relación del caso, la apelante—que lo era la aquí peticionaria—no había elevado aún la transcripción de autos, el 23 de noviembre siguiente el obrero apelado solicitó la desestimación del recurso. En respuesta a esa moción para desestimar la peticionaria presentó en el Tribunal Superior en 3 de diciembre del mismo año una moción solicitando permiso para radicar los autos del caso *nunc pro tunc* y, conforme ya hemos visto, en 27 de diciembre de 1954 el tribunal recurrido dictó una resolución cuya parte esencial reza así:

"Los autos demuestran que pasado con exceso el término para elevar los autos y a virtud de la moción del demandante apelado solicitando desestimación de la apelación la demandada

apelante requirió del tribunal permiso para hacerlo 'nunc pro tunc.'

"La Regla 5 de las que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior disponen que dentro de los cinco (5) días después de haberse aprobado la relación del caso o de la prórroga que se concediese, el apelante elevará los autos en apelación, y que de no hacerlo así el tribunal, *motu proprio*, o a petición de la parte apelada desestimará el recurso.

"Siendo las reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior terminantes en sus disposiciones, *y no pudiendo este tribunal ni las partes ampliar los términos fijados por ley, el dejarse de cumplir con sus disposiciones le priva de jurisdicción a este tribunal para entender en dicha apelación.*" (Bastardillas nuestras.)

Estuvo el tribunal a quo equivocado al concluir que el dejarse de cumplir con las disposiciones de las reglas que gobiernan las apelaciones del Tribunal de Distrito al Tribunal Superior, privaba a este último de jurisdicción para entender en la apelación que ante sí tenía. El párrafo sexto de la citada Regla núm. 5 es a nuestro juicio claro y terminante. Éste, conforme ya hemos indicado, es al efecto de que si los autos en apelación no fueren elevados al Tribunal Superior dentro del término de cinco días de que habla el párrafo anterior de la misma regla, o "dentro de la prórroga que éste (el Tribunal Superior) concediere al efecto, la apelación será desestimada." Se ve de manera palmaria que el término de cinco días a que alude esa regla no es un término fatal, sino uno que por disposición expresa del contexto de la regla es prorrogable a discreción del Tribunal Superior. Según dijimos en *Vigio* v. *Cartagena,* 70 D.P.R. 596, 598 "en las apelaciones sólo existe un término jurisdiccional improrrogable que es el fijado por ley para la interposición del recurso. Los demás, a no ser que la ley disponga lo contrario, son prorrogables." El término de 5 días para elevar la transcripción de autos del Tribunal de Distrito al Tribunal Superior era prorrogable, repetimos, a tenor con la fraseología clara de la Regla 5 ya citada. En su consecuencia, fué un error del tribunal recurrido concluir que el dejarse de cumplir con las

disposiciones de esa regla le privó de jurisdicción para entender en la apelación.

Si al devolvérsele los autos que están ante nos el tribunal recurrido debe declarar o no con lugar la solicitud de permiso para radicar los autos del caso *nunc pro tunc*, tal cual se le pidió con fecha 3 de diciembre de 1954, ello es cuestión que cae enteramente dentro de su sana discreción.

*Debe dejarse sin efecto la resolución dictada por el tribunal recurrido con fecha 27 de diciembre de 1954 y devolverse los autos del caso a dicho tribunal para ulteriores procedimientos consistentes con esta opinión.*